### Boggs v. McCoy et al.

Decided July 9, 1879.

1. In a suit by a creditor, instituted after the death of the debtor, to set aside a deed of land made by him as voluntary and fraudulent, and to subject the land to the payment of his debt, the personal representative of the debtor is a necessary party.

2. In such a case the court should not set aside the deed, or subject the land to the payment of the debt, till it has ascertained whether the personal estate in the hands of the personal representative will pay all his debts, and if it will not, till it has applied to the payment of this debt so much of the personal estate as is properly applicable to its payment.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Roane, rendered on the 7th day of March, 1878, in a cause in chancery therein pending, in which James A. Boggs was plaintiff, and Mary McCoy and others were defendants, granted on the petition of said Mary McCoy.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the decree appealed from.

GREEN, PRESIDENT, furnishes the following statement of the case :

In August, 1875, James A. Boggs filed his bill in the circuit court of Roane county, against Mary McCoy, her husband George W. McCoy, and her trustee, William W. Noyes. The bill alleges that Jacob W. Morris, for-

merly the husband of the female defendant, was indebted to the plaintiff in a certain sum evidenced by a bond filed with the bill; that being so indebted he, on June 27, 1867, when he had no other property, real or personal, made a voluntary conveyance of a house and lot in said county to the defendant, William W. Noyes, as trustee, for the sole and separate use of his then wife; that this conveyance was without valuable consideration, and was made with intent to delay, hinder and defraud his creditors. A certified copy of this deed is filed as exhibit; and it purports to have been made in consideration of $1.00. The bill further alleges, that shortly afterwards he died, and his widow married George W. McCoy. The bill prays that this deed may be set aside, and this house and lot may be sold to pay the plaintiff's debt. The personal representative of the debtor, Jacob W. Morris, was not made a party to the suit; and Mary McCoy demurred to the bill; and by a decree made March 10, 1876, the court overruled the demurrer. She then filed an answer in which she denies that the deed was made to hinder, delay or defraud creditors, or that it was a voluntary conveyance, and alleges it was made for a good, valuable and sufficient consideration. It is unnecessary to notice the other statements in this answer. Other proceedings were had in the cause, which it is unnecessary to recite. No depositions or other evidence than the exhibits in the bill were filed.

On March 7, 1878, the court decreed that the plaintiff was entitled to the relief he prayed for, and that the plaintiff's demand amounted to $371.40, and ordered, if the same and the costs of the suit were not paid in thirty days, this house and lot should be sold by a commissioner named to pay the same. From these decrees Mary McCoy appealed to this Court.

*Henry C. Flesher*, for appellant, cited the following authorities:

Story Eq. Pl. §251 a; 1 DeG. J. & S. 38; 1¾Dan. Ch.

*1879
June Term.*

*Boggs v. McCoy
et al.*

Pr. (4 Am. ed.) 324 and note 8 ; *Id.* 856 ; 19 How. 68 ; 11 Wheat 103 ; 4 Rand. 451 ; 25 Gratt. 371 ; 9 W. Va. 443 ; 10 W. Va. 87 ; 17 Wall. 532 ; Code, ch. 104, §14 ; 10 W. Va. 343.

*J. G. Schilling,* for appellee, cited the following authorities.

Code, ch. 125, §30 ; *Id.* ch. 74, §1 ; 10 W. Va. 321.

GREEN, PRESIDENT, delivered the opinion of the Court:

The court obviously erred in entering this last decree, or any decree on the merits of the case, till the personal representative of Jacob W. Morris was made a party to the suit.   His personal estate was the primary and natural fund which must be resorted to for the payment of his debt to the plaintiff, before any real estate can be subjected to its payment.   Before entering any decree on the merits of the case the court should therefore have required the personal representative of Jacob W. Morris to have been made a party defendant; and it should have first ascertained whether there was any personal estate in his hands properly applicable to the payment of this debt, if the debt be really due ; and, if necessary to that end, a settlement of the accounts of the personal representative should have been made under the direction of the court.   See *Laidley* v. *Kline's adm'r,* 8 W. Va. 218, and *Bierne* v. *Brown's adm'r et al.,* 9 W. Va. 755.   If after the application of the personal estate, which was properly applicable to the payment of this debt, a balance was found to be due, and the plaintiff's claim is made out by the proofs and pleadings, the court could then, and not till then, properly set aside this deed and order a sale of this house and lot.   Without such evidence no such decree could be properly entered, as the answer denies that the deed was either voluntary or fraudulent.

For these reasons the bill was obviously defective ; and the court ought not to have overruled the demurrer. Such a defect may be taken advantage of by demurrer,

plea or answer, or on the hearing, or even in the Appellate Court. See *Clark* v. *Long,* 4 Rand 451; *Armentrout's ex'r* v. *Gibbons,* 25 Gratt. 377; *McCoy* v. *McCoy's devisees,* 9 W. Va. 443. The court instead of overruling the demurrer ought to have given the plaintiff leave to amend, or to file an amended bill within a reasonable time; and if he refused or neglected to do so, the court then, and not till then, should have sustained the demurrer and dismissed the bill at the plaintiff's costs.

The decrees of the circuit court of March 10, 1876, and of March 7, 1878, must therefore be reversed and annulled; and the appellant must recover of the appellee, James A. Boggs, his costs about his appeal in this Court expended; and this cause must be remanded to the circuit court of Roane county with instructions to permit the plaintiff to amend his bill or file an amended bill in a reasonable time, to be fixed by the court; and to be further proceeded with according to the principles laid down in this opinion, and further according to the principles governing courts of equity.

THE OTHER JUDGES CONCURRED.

DECREES REVERSED. CAUSE REMANDED.