# CHARLESTON.

## HART *v.* HART.

Submitted June 18, 1888.—Decided Dec. 14, 1888.

1. EXECUTORS AND ADMINISTRATORS—GUARDIAN *AD LITEM*—PARTIES—PARTNERS AND PARTNERSHIP.

S. H., owning a small personal estate, and seized in fee of a parcel of land charged with a lien in favor of his vendors for $525.00 having conveyed the same in trust to S. A. G., trustee, and afterwards, by a second deed, conveyed the same in trust to J. W., trustee, to secure the several debts therein named, died intestate, leaving surviving him his widow, C. H., and four children. For two years before, and at the time of the death of S. H., a partnership in a threshing-machine had existed between him and his brother J. F. H., and the social assets of the partnership consisted of the machine and the earnings of the partnership during its continuance. Said J. F. H. and C. H., the widow of S. H., became administrator and administratrix of his estate, the greater part of which passed into the hands of, and was administered by, J. F. H:, and the residue passed into and remains in the hands of the administratrix. Failing to sell to others the half interest of S. H. in said machine, it was taken by J. F. H., the surviving partner, at the price of $110.00 the highest bid offered for it. The trustee, S. A. G., having advertised the land for sale according to the first deed of trust, the widow, C. H., filed her bill against him and the beneficiaries under said deed, the said infant children, heirs of S. H., and the said J. F. H., praying for a settlement of his administration accounts, and of the accounts of said partnership; that all debts and liabilities against the estate of said S. H. might be ascertained, and his personal estate applied to the satisfaction thereof; and that, until this could be done, said trustee might be enjoined from selling said lands; but neither the trustee, J. W., nor the vendors of S. H., were made parties to the bill, nor was any guardian *ad litem* appointed for or answer filed by said infant defendants. *Held:* (1) That the trustee, J. W., as well as the vendors of S. H., deceased, were necessary parties to the suit. (2) That it was error to decree a sale of said infants' lands without an

answer filed for them by their guardian *ad litem*. (3) That the social assets of a partnership are first liable for the payment of all partnership debts, including the debts due by the partnership to its several partners. (4) That the proceeds of the sale of the half interest of S. H. in said machine purchased by J. F. H., the sur-. viving partner, at the price of $110.00, were social assets in his hands, and, as such, they were first liable to pay the said S. H.'s half of the partnership debst, including his half of the partnership debt due to said surviving partner, and that, so far as the same was necessary for that purpose, it should be so applied in the settlement of the accounts between the partners; and that only the residue thereof, if any, would be assets belonging to the estate of S. H., applicable to the payment of his individual debts. (5) That, in the settlement of the administration accounts of J. F. H., he ought not to be charged with any of the assets of the estate of his intestate which were received and retained by said administratrix, and which were never received or administered by him. (p. 698 *et seq.*)

2. EXECUTORS AND ADMINISTRATORS—JUDICIAL SALE—SALE.

It was error for the Circuit Court to decree a sale of the lands of the intestate for the payment of his debts until the administration accounts of all his personal representatives had been settled, and the amount and priorities of all debts and liabilities against his estate had been ascertained and decreed for, and until it had been ascertained what amount, if any, of his personal estate remained in the hands of his personal representatives applicable to the payment of his debt. (p. 699.)

3. JUDICIAL SALE—SALE

It is error to decree the sale of the lands of a decedent for the payment of his debts without giving to his heirs a reasonable time within which they may pay said debts, and thus avoid a sale of their lands. (p. 700.)

4. REVERSAL OF DECREE—JUDICIAL SALE—SALE.

A decree in a suit brought to sell the lands of a decedent for the payment of his debts, which ascertains and declares the amounts and priorities of all debts and liabilities, and ascertains the amount of his personal estate remaining in the hands of his personal representatives applicable to the payment of said debts, but fails to make any application of the assets in the hands of his personal representatives, or fails to decree to his several creditors by name the sums ascertained to be due to them, respectively, and to fix the order of priority in which they are severally entitled to be paid, is erroneous and will for that cause alone be reversed. (p. 699.)

87

*R. Patterson* and *A. M. Campbell* for appellants.

*J. A. Gallaher* for appellees.

WOODS, JUDGE:

Salathiel Hart died intestate on the 26th of October, 1883, leaving surviving him four infant children, viz.: Mary Ellen, David, Thomas and Virginia Hart, and his widow, Catherine Hart, and she and her husband's brother, John F. Hart, were appointed and duly qualified as his administrator and administratrix, the latter taking but little part in the administration of the estate, alleged to be of the value of $453.00, including the undivided interest in a threshing-machine, which said John F. Hart and decedent for two years before and at the time of his death owned and used for profit, no settlement of which partnership transactions had ever been made.

The administrator sold all the personal property, which came into his possession except the interest of decedent in said machine and the other partnership assets, and one half interest in a jack ; both of which were offered for sale, but the price offered being deemed too low, they were not sold, and the machine was retained and used by the surviving partner, and the jack was left with and continued to remain in the custody of said administratrix, who also has received other small amounts of the personal estate for which she has never accounted. The highest bid offered for the decedent's interest in the machine was $110.00 made by John F. Hart himself, and the appraised value of the aforesaid jack was $50.00. The proceeds of the sale of the personal estate of decedent made by said administrator was $243.97, and he received from other sources the further sum of $5.00 and no more.

On the 25th July, 1882, the decedent confessed a judgment in favor of Gallaher & Son for $280.82 with interest from that date until paid and $1.75 costs. On the 3d of April, 1883, decedent and his wife, said Catherine Hart, by deed of that date, conveyed to Silas A. Gallaher, as trustee, so much of a certain boundary of land therein particularly described as " they had not already conveyed to other parties by deed," in trust to secure said Gallaher & Son the payment of a cer-

tain judgment obtained by them against Salathiel Hart for the sum of $280.82 with interest from the 25th of July, 1882, and $1.75 costs with the usual power to sell in accordance with the laws of West Virginia governing trust-sales, in case Salathiel Hart failed to satisfy the same on or before the 1st of April, 1884. This deed was duly recorded, but in recording the same the amount of the judgment thereby secured was stated to be $180.82 with interest and costs as aforesaid.

On the 12th October, 1883, Salathiel Hart and his wife, Catherine Hart, executed a second deed of trust upon the same land, describing the interest conveyed in the same terms to John Watson, trustee, to secure to said Gallaher & Son the further sum of $82.55 with interest from the 12th October, 1883, with a similar power to sell in case the debt was not paid on or before the 1st of April, 1884. This deed of trust also was recorded soon after its date and during the lifetime of Salathiel Hart. The trustee advertised the land conveyed to him in trust by the deed of April 3, 1883, to be sold on the 20th November, 1885.

On the first Monday in December, 1885, the said Catherine Hart filed her bill in the Circuit Court of Pleasants county against said administrator, John F. Hart, Silas Gallaher, trustee, and Silas Gallaher, surviving partner of the firm of S. Gallaher & Son, setting up substantially the foregoing facts, and alleging that said John F. Hart, as such administrator, was chargeable with all of her said husband's personal estate, including the values of said jack, appraised at $50.00 and said half interest in the machine, appraised at $200.00, amounting in all to $453.50; and also with other large sums of money arising out of said partnership-transaction remaining in his hands, which moneys were more than sufficient to pay all of her husband's debts, including all that was justly due upon the debts secured by said deeds of trust.

She further alleged that the trust-deed of $280.82 was in fact only $180.82 with said interest and costs, and that when the deed was recorded the record thereof showed that it was only $180.82, which had been since changed to $280.82, but she does not pretend to dispute the fact, that the judgment confessed by her husband to S. Gallaher & Son, recited in the deed of trust, was in fact for $280.82. She further alleges

that the deed of trust dated October 12, 1883, to secure the debt of $82.55, was obtained without consideration by said Gallaher & Son, when her husband was too feeble to resist their importunities, and is therefore void. She subsequently filed an amended and supplemental bill against the same defendants, and also against S. A. Gallaher and James Steally, as executors of Silas Gallaher, deceased, and against said infant children, Mary Ellen, David, Thomas and Virginia Hart; substantially repeating, but with more particularity, the allegations of her original bill.

She prays that the accounts of the partnership between her husband and the defendant, John F. Hart, as well as his accounts as administrator of Salathiel Hart, may be settled, and that he may be compelled to account for the appraised value of her husband's personal estate, including the appraised value of his interest in said machine at $200.00 ; that all debts and liabilities against the estate of said decedent, including the judgment secured by said trust-deed, may be ascertained; and that the amount of money belonging to said estate applicable to the payment of said debts, as well as the amount of real estate conveyed by said deed of trust, may be ascertained ; and that the said trustee from making sale of said land be enjoined until the further order of the court. The preliminary injunction prayed for was allowed, and became effectual by the execution of the required bond. No guardian *ad litem* was appointed for said infant defendants, nor any answer of such guardian filed.

The defendants, Silas A. Gallaher, trustee, and as executor of Silas Gallaher, surviving partner of S. Gallaher & Son, jointly with his co-executor, James Steally, answered the bills, but no replication thereto seems to have been filed. The defendant, John F. Hart, also answered the bills and to his answer a general replication was filed.

The answer of John F. Hart admitted that, as administrator of Salathiel Hart, he realized from the sale of his personal property $243.97, and that he had collected from other sources $5.00, and denies that he received any other amounts in his character as administrator. He admits the existence of the partnership mentioned in the bill, but denies that the half interest in the machine was worth $200.00 or that he ever

promised to give that price for it. He sets out in detail all the transactions of the partnership, files a statement of all its earnings, from whom received, and the person who collected the same, and how, to whom, and for what purpose the same were disbursed; whereby it appears, and he accordingly claims, that there is a large debt due to him from his late partner on account of said partnership dealings. He files as part of his answer a detailed statement of all his disbursements as such administrator, whereby it appears, that there is remaining in his hands belonging to the estate of his decedent the sum of $212.54 including interest to the 1st of March, 1886, excluding the half interest of his intestate in the jack, and in the threshing-machine.

The answer of the trustee and of the executors of Silas Gallaher, deceased, the surviving partner of S. Gallaher & Son, simply asserted the correctness of the amounts and justice of said trust debts, and denied that any part thereof had ever been paid, or that the decedent was entitled to any credit thereon. This answer was not replied to, and no evidence was introduced showing that decedent was entitled to any such credit or abatement.

The cause was referred to a commissioner for the purposes particularly mentioned in the prayer of the bill hereinbefore set forth, who returned his report together with all the evidence, which was before him while making his report, and also numerous exceptions thereto made by the plaintiff and by the defendant, John F. Hart, while it remained in his office, before he returned the same to court.

The commissioner reported, that there was remaining in the hands of said administrator assets belonging to the estate of his intestate, including interest to the 11th October, 1886, the sum of $361.00, which includes the appraised values of the jack at $50.00 and the half interest in the threshing-machine, fixed at $110.00. In settling the accounts of the partnership he reported that the deceased partner was indebted to John F. Hart, as surviving partner, on account of the partnership transactions, in the sum of $104.62½, exclusive of interest, and excluding the half interest of decedent in the threshing-machine, with which, at the price of $110.00, the commissioner had charged him as of the end of the year 1883.

The report further ascertained the amounts of the several debts due from the estate of the decedent to his several creditors, including the whole amount of the said trust-debts, and also including said debt of $104.62½ ascertained to be due to the surviving partner, John F. Hart. He also reported that the land actually conveyed to said trustee consisted of only 56¼ acres; all the residue having been previously conveyed to others.

To this report the plaintiff filed thirteen, and the defendant, John F. Hart, eight exceptions. On the 15th of October, 1886, the cause was heard, and the following decree was entered:

"This cause came on this 15th day of October, 1886, to be further heard upon all the papers formerly read, and the decrees and orders heretofore made therein, the motion of S. A. Gallaher and James Steally, executors, to dissolve the injunction granted in this cause on the 18th day of November, 1885; the amended and supplemental bill of the complainant, together with the summons issued thereon, and served the time required by the law before this term of court began; the amended answer of S. A. Gallaher and James Steally, executors of the last will and testament of Silas Gallaher, deceased, to said amended and supplemental bills; the depositions taken and filed by one of the commissioners of this court, W. E. Reed, and the report of said commissioner Reed, together with the exceptions taken to said report by the complainant, Catherine Hart, and one of the defendants, J. F. Hart, administrator, etc., and was argued by counsel. On consideration whereof, it appearing to the court that exceptions Nos. 5 and 6, taken by Catherine Hart, the complainant, to the report of said commissioner Reed, and exception No. 2, taken by the defendant, J. F. Hart, to said report, are well taken, it is therefore ordered that the same be, and they are hereby, sustained. And it further appearing that the said report has been made according to the requirements of the order of reference, and according to law, except as to the three above-sustained exceptions, it is therefore adjudged, ordered, and decreed that the said report be, and the same is hereby, approved and confirmed, except as above set forth. And it is further adjudged, ordered, and decreed that the injunction heretofore granted in this cause, November 19,

1885, be, and the same is hereby, dissolved. And the deeds of trust reported by said commissioner as liens Nos. 1 and 2, marked ' Ex. B and C,' are valid and subsisting liens, first in priority, and shall be paid first out of the proceeds of the sale of the real estate of said Salathiel Hart, deceased, and that the notes and accounts reported by said commissioner as debts against the said estate *pro rata.* It is further adjudged, ordered, and decreed that S. A. Gallaher, trustee, shall proceed to sell said land, to wit, 56¼ acres, under and by virtue of the deed of trust executed by the said Salathiel Hart and wife, on the 3d day of April, 1883, to him as said trustee, in accordance with the requirements in said deed of trust, and that he report his proceedings thereunder to this court at the next term. And it is further ordered that the said J. F. Hart, administrator, and Catherine Hart, administratrix, of the said estate of Salathiel Hart, deceased, do pay the costs, and this cause is continued as to the other matters contained in said suit until the incoming of report of sale."

From this decree the plaintiff, Catherine Hart, and the administrator, John F. Hart, have obtained this appeal, and have assigned the following grounds of error:

The court erred first in overruling exceptions Nos. 3 and 4, taken by the plaintiff, Catherine Hart, to the report of the commissioner, for reasons stated therein, and in overruling exceptions Nos. 4, 5, and 6, taken by the defendant, John F. Hart, administrator, *etc.*, to said report, and confirming the same; *second,* in dissolving the injunction granted the plaintiff in this cause on the 18th day of November, 1885; *third,* in decreeing that said deeds of trust were valid and subsisting liens, and first and second in priority, and should be paid first out of the proceeds of the sale of the real estate of S. Hart deceased, and that the notes and accounts reported by said commissioner should be paid *pro rata;* *fourth,* in decreeing the sale of 56¼ acres of land by said trustee without having first ascertained the exact amount of the debts for which said land was to be sold, and entering said amount in the decree; *fifth,* in decreeing that Silas A. Gallaher, trustee, should proceed to sell the 56¼ acres of land under and pursuant to the deed of trust executed by S. Hart and wife, to him as trustee, dated April 3, 1883, as the

said Gallaher is a party to this suit, and interested in the subject matter thereof; *sixth*, in not providing for the removal of the vendor's lien retained in the deed from MacFarlands to S. Hart (Exhibit D, with commissioner's report) before decreeing a sale of land; *seventh*, in decreeing the sale of 56¼ acres of land under and by virtue of the deed of trust, which conveyed 225 acres, without first separating and locating by metes and bounds the said 56¼ acres from the 225 acres of land described in the said deed of trust; *eighth*, in not requiring the said trustee to execute bond, as provided by law, before making said sale.

As the commissioner returned with his report as part thereof all the evidence, which was before him, and on which he acted in making the same, including all vouchers, exhibits and depositions, as well as the exceptions thereto, the whole case is open before us.

There was no question of fact controverted as to the amount of money received by the defendant, John F. Hart, in his character of administrator nor in regard to the manner or the purpose, for which, they were disbursed, except as to the value of the one half interest of his intestate in the threshing-machine, and as to whether he had agreed to buy the same. Neither was there any controversy as to the amounts earned by the partnership during its continuance nor as to the partner, by whom they were collected and received, nor as to the manner, in which they were disbursed. Nor was there any question as to whether the machine constituted part of the social assets of the said firm; this fact is alleged by the bill, and admitted by the answer of the surviving partner.

This being admitted, it is equally clear, as a legal proposition, that the threshing-machine, being the assets of the firm, is first liable to satisfy the debts due by the partnership, including those due to the partners themselves. It is equally clear from the plaintiff's own deposition, that the jack was never sold, and that the defendant, John F. Hart, never used or converted the same to his use, but on the contrary from the day it was offered for sale and withdrawn for want of bidders, up to the day her deposition was taken, it has remained in the custody of the plaintiff as such administratrix.

The commissioner treated the surviving partner as the owner of the half interest of Salathiel Hart in the machine from the end of the year 1883, because he failed to sell the same, and charged him therefor the sum of $110.00, which was the highest bid received therefor, when it was offered for sale and withdrawn at the surviving partner's bid of $110.00. No objection to this action on the part of the commissioner is made by John F. Hart, and he is justly chargeable as surviving partner with that amount, which still continues to be the social assets of the firm, and as such is first liable for the payment of the partnership debts, including the debt due to said surviving partner of $104.62½.

From these considerations it is quite obvious, that the commissioner in the settlement of administration accounts of John F. Hart, administrator, etc., ought not to have charged him with said $50.00, the appraised value of said jack, nor with said sum of $110.00, the value ascertained by him of the half interest of Salathiel Hart, deceased, in the threshing-machine. He should only have been charged with the sum of $248.97 and interest thereon from November 1, 1884, to the 11th October, 1886, (23½ months,) $29.05, amounting to the sum of $278.02; from which should have been deducted his disbursements, amounting to $91.88, leaving in his hands only $186.14 due to the estate of his decedent with interest from the 11th October, 1886, until paid.

It is equally clear that the said sum of $110.00 in the hands of the surviving partner, as of end of the year 1883, belonging to the partnership, should have been applied as of that date to the satisfaction of said sum of $104.62½, ascertained by the commissioner to be due from the deceased to the surviving partner, which would have left the surviving partner indebted to the estate of his decedent on account of the partnership transactions in the sum of $5.38 with interest from the 1st of January, 1884, to the 11th of October, 1886, amounting on that day to $6.28, and that no debt was due from the decedent to John F. Hart; and therefore the commissioner erred in reporting said debt of $104.62½ in his favor as a valid charge against the estate of the decedent, and in charging his administrator with said sum of $110.00. These several errors appearing on the face of the commis-

88

sioner's report must be corrected, and the report reformed accordingly; and then, unless it appears, that other moneys belonging to the estate of his decedent have been received by him, or other proper disbursements have been made by him, he must be charged as such administrator with the said sums of $186.14 and $6.28, aggregating $192.42 with interest thereon from the 11th October, 1886, until paid.

We are therefore of opinion that the Circuit Court erred in confirming the commissioner's report in these respects, and in overruling the plaintiff's seventh and the defendant's (J. F. Hart's) first exception to said report.

It appears upon the face of the report, that the decedent acquired title to the real estate mentioned in said deed of trust by a conveyance executed to him dated October 30, 1878, by Alexander MacFarland, William C. MacFarland, and Robert MacFarland, of Allegheny county, Pa., and George MacFarland, of Wood county, W. Va., for the consideration of $1,125.00, of which $600.00 was paid in hand, and for the residue Salathiel Hart executed two notes payable as follows: $300.00 on or before the 1st of December, 1879, and $225.00 on or before the 1st day of April, 1880, with interest from the 22d day of January, 1887. To secure the payment a vendor's lien upon the said land is reserved upon the face of said conveyance.

None of the grantors in said conveyance are parties to the suit; no evidence whatever, so far as this record shows, was produced before the commissioner tending to prove, that this vendor's lien has been satisfied, released or in any manner discharged; and the commissioner dismissed the consideration of this material inquiry with the remark, that " so far as I am able to ascertain, the purchase-money has been paid on the entire tract of 225 acres," (being the number of acres mentioned in the deed of trust.) In the absence of all evidence on this question, the opinion of the commissioner can have no weight.

It is material to the interest of all parties having debts against the decedent's estate that this question should be determined, before the land is sold; for, if the vendor's lien is still a valid charge upon said land, it is quite probable that most of decedent's creditors must go unpaid; and it

was error in the Circuit Court to decree a sale of a decedent's lands, until the amounts and priorities of all the debts chargeable thereon were ascertained and declared. The grantors in said conveyance to Salathiel Hart are necessary parties to this suit. No guardian *ad litem* having been appointed or answer filed for said infant defendants, it was error to decree a sale of their lands.

But, if none of the errors heretofore referred to had been committed, the decree of the 15th of October, 1886, could not be sustained; for while it confirms the commissioner's report as corrected and modified by the court, it wholly fails to render any decree against the administrator, John F. Hart, for the money ascertained to be remaining in his hands applicable to the payment of decedent's debts. In like manner it wholly fails to decree to the several creditors of the decedent the debts ascertained by the commissioner's report to be due to them, respectively. Having ascertained the debts to each, there is nothing decreed to be paid to any of them.

In *Bank* v. *Wilson*, 25 W. Va. 242, the commissioner's report as in this case ascertained and reported the amount and priority of the several liens on the land of the defendant. The decree concluded as follows: "It is further adjudged, ordered, and decreed that, unless the defendant, A. Wilson, or some one for him do within ninety days from this date pay to the complainant and other judgment or trust creditors of said Wilson the several sums ascertained to be due them, respectively, by the report of said (commissioner) Gallagher, and continued on pages 33 and 34 of said report, and the costs of this suit, then "*etc.*' In that case this Court said: Such a decree leaves every creditor to determine for himself, at his peril, the amount intended to be decreed him. As this decree must for other errors therein be reversed, it is not necessary to decide whether this error in the decree would of itself be sufficient to reverse the same; but we are of opinion that the decree should upon the face thereof show the amount and priority of the several debts against Wilson, the person to whom each is payable, and the property or fund out of which the debt is entitled to be paid;" and accordingly this Court held "that a decree

that the judgment debtor [naming him] do pay to the complainant, and other judgment and trust creditors of the said debtor, the several sums ascertained to be due to them, respectively, by the report of the commissioner contained on pages 33 and 34 of his report is erroneous."

In the case before us the decree falls far short of the accuracy and precision of the terms of the decree in *Bank* v. *Wilson;* and as we held in that case such decree was erroneous, so, for much stronger reasons, we must hold the said decree in this case, and sufficient to reverse the same, if there was no other error in the record.

There is still another error, for which this decree should be reversed. While most of the estate of the decedent passed into the hands of the administrator, Hart, and was administered by him, yet it is obvious from the report of the commissioner, that some considerable portion thereof passed into the hands of his widow and administratrix, and that she has never made any settlement of her accounts as such administratrix, nor otherwise accounted for the same, and it was error to decree a sale of the decedent's land, until the whole personal estate has been accounted for.

The Circuit Court also erred in failing to give to the heirs of Salathiel Hart a reasonable time, within which they might pay to the several creditors their several demands, before directing their lands to be sold for the payment of their ancestor's debts, and also in dissolving the injunction granted the plaintiff in this cause on the 18th of November, 1885.

There was no evidence introduced sufficient to support the allegations of the bill that any portion of said trust had been paid, released or satisfied, or that there was any error or mistake in the amounts secured thereby, or that the execution of either of them had been procured by fraud, misrepresentation, or undue influence; and therefore the court did not err in sustaining the report of the commissioner, so far as it found, that they were valid and subsisting liens on the lands mentioned in said trust-deeds, and were entitled to be first paid out of the proceeds of the sale thereof. We have not been able from anything appearing in this record to perceive any good reason, why a sale of said lands, when the

same is proper to be made, may not be made by the trustee, S. A. Gallaher. As the decree must be reversed, and the cause be recommitted to the commissioner for other purposes, the metes and bounds of the 56¼ acres liable to be sold may with certainty be ascertained.

For these reasons the decree of the Circuit Court of Pleasants county, rendered herein on the 15th October, 1886, must be reversed with costs to the appellant, Catherine Hart, as the party substantially prevailing against the appellees, S. A. Gallaher and James Steally, executors of Silas Gallaher deceased, surviving partner of the firm of S. Gallaher & Son, to be paid out of the assets of their testator in their hands to be administered; and this cause must be remanded to the said court with leave to the plaintiff to amend her bill by making proper parties thereto, to be further proceeded in according to the principles laid down in this opinion and according to the rules and principles governing courts of equity.

REVERSED. REMANDED.