# CHARLESTON.

### SCHILB *v.* MOON *et al.*

Submitted June 5, 1908. Decided April 27, 1909.

EXECUTORS AND ADMINISTRATORS—*Sale of Realty—Payment of Decedent's Debts.*

If, pending a suit to subject land to the payment of a judgment, the judgment debtor dies, and his heirs to whom the land descended are made parties, the suit thus becomes one to sell the land of the heirs for the debt of the decedent, and before a sale is decreed, the accounts of the administrator of the decedent must be settled and the unadministered assets, if any, ascertained and administered by the court in relief of the realty descended to the heirs. (p. 565.)

Appeal from Circuit Court, Wood County.

Bill by Jacob Schilb against Eliza Hendrickson and others. Decree for plaintiff, and defendants appeal.

*Reversed.*

V. B. ARCHER and WILLIAM BEARD, for appellants.

McCLUER & McCLUER, for appellee.

ROBINSON, JUDGE:

A former decision in this case is reported in 50 W. Va. 47. The decree complained of in that appeal was reversed. It was

a decree subrogating the plaintiff to the rights of the Second National Bank of Parkersburg as to the judgment paid that bank by him, and giving him a personal judgment for the amount thereof against Anna Moon and others. It was held error to have pronounced such decree without the bank's having been a party to the cause. The right of subrogation as decreed was upheld. After that decree had been entered, Anna Moon died. The appeal was prosecuted and the reversal procured by her administrator. The cause was remanded. Thereafter the bank and the heirs of Anna Moon were made parties. Amended bills were filed, and the cause was prosecuted to a decree for the sale of the land owned by Anna Moon at the time of her death, for the payment of the judgment to which plaintiff was subrogated. One of the heirs, who had not appeared, and as to whom the cause had been heard upon the bill taken for confessed, moved, pursuant to sec. 5, ch. 134 of the Code, at a subsequent term, to set aside and reverse the decree for errors. This motion was overruled. That party has appealed from the decree for sale of the land which descended to her and others from Anna Moon, still relying upon the errors assigned in her motion to reverse below.

The decree for sale must be reversed. It is plainly erroneous. It directs the sale of the real estate of a decedent to pay a judgment lien before the accounts of the administrator have been settled, and the unadministered assets, if any, have been ascertained and administered by the court in relief of the realty descended to the heirs. *Laidley* v. *Kline,* 8 W. Va. 218; *Boggs* v. *McCoy,* 15 W. Va. 344; *Hart* v. *Hart,* 31 W. Va. 688; *Kilbreth* v. *Root,* 33 W. Va. 600. There was no allegation by the plaintiff that there was absolutely no personal estate applicable to the judgment. Therefore, that fact has not been taken for confessed as to the defendant now complaining. On the other hand, the plaintiff by his own pleadings shows that there was some personal estate. This fact clearly appears throughout the record. The administrator answered that there was ample personal estate to pay the debt. Unless the contrary had been confessed by the non-appearance of the defendant who brings this appeal, it was, as to her, plain error to disregard the existence of this personal estate and make decree, in the very teeth of the fact, reciting that it appeared that decedent had no personal

estate "out of which the judgment * * * * could be made." Perhaps the judgment could not have been made wholly out of the personal assets; but it was a certainty that assets existed, which could be and should have been applied on the judgment before the entry of any decree for sale of the land of the heirs. At any rate, the fact that no personal assets existed was not alleged, and was not confessed as to appellant. Hence, it was the court's duty toward her to ascertain, by a settlement of the accounts of the administrator, whether or not such assets existed, and, if they did exist to any extent, to apply them properly toward the relief of the realty. Appellant can surely complain that her land has been charged with a decree for a larger sum than it should pay. She cannot, to relieve her real estate, be compelled to pay off that which the personal assets of the decedent, though ever so small in amount, should pay. This is old law. It is soundest equity. The land descended to the heirs subject only to the amount of the debts of decedent remaining after the personal assets are applied thereon. This decree has subjected that land to sale for the payment of a larger debt than it should pay. Even in suits on a vendor's lien against land of a decedent, the personal assets must be settled and administered before a sale of the land is ordered. *Bierne* v. *Brown's Adm'r.,* 10 W. Va., 748; *Sommerville* v. *Sommerville,* 26 W. Va. 482. In any case where land descends to an heir, it can be charged as against him with only the amount of debts of the decedent which the personalty fails to pay.

The court heard the cause upon the report of a commissioner made before Anna Moon's death and before appellant was a party to the cause. This was error as to appellant, except as to such matters relied upon in that report which were alleged in the pleadings against her and confessed by her non-appearance. After Anna Moon died and the heirs were made parties, the suit, by the very force of events, assumed an entirely different character from that which it had when that report was made. The report should not have been relied upon, in view of the new phase of the suit, and of the new parties whose rights could not be prejudiced by such finding. It was not pertinent to that which the suit had in fact become—one to sell the land of a decedent, descended to heirs, for that decedent's debt. We do not specifically inquire what harm was done appellant by the court's

reliance upon this old report of a commissioner. It is enough to say that the looking to it, after there was a complete change in the character of the suit and the parties thereto, was not consistent with the rights then to be determined.

The mandate will be that the decree for sale be reversed, and that the cause be remanded for further proceedings to be had pursuant to the principles herein announced and according to equity.

*Reversed.*