# CHARLESTON.

WALBRECHT, RECEIVER, *v.* HOLBROOK,

Submitted June 4, 1908. Decided November 16, 1909.

1. APPEAL AND ERROR—*Dismissals—Proceedings.*

    A motion to dismiss an appeal pending here, on the grounds that the appeal was unauthorized by appellant; that he was not seeking reversal of the decree, and was not paying the expenses thereof; but that such expenses were being paid by a person not a party thereto, such motion being supported by affidavit, made on information and belief, but positively denied by affidavit of appellant, will be overruled. (p. 296).

2. FRAUDULENT CONVEYANCES—*Actions to Subject Property—Parties—Administrator.*

    In a suit brought by the obligee in a bond of indemnity who has obtained judgment against the principal, but not against the surety, and execution thereon returned not satisfied, to subject to the payment of such judgment land alleged to have been fraudulently conveyed by a third person but by his procurement to the wife of the surety and for a consideration passing from him, and not from her, the administrator of such surety is a necessary party thereto. (p. 297).

Appeal from Circuit Court, McDowell County.

Suit by William Walbrecht, as receiver, etc., against Sarah Holbrook. Judgment for plaintiff, and defendant appeals. Motion to dismiss appeal denied, and judgment reversed.

*Reversed.*

*Ritz & Litz,* for appellant.

*T. L. Henritze,* for appellee.

MILLER, PRESIDENT:

The grounds of the motion of Walbrecht, appellee, to dismiss the present appeal are, that it was unauthorized by appellant; that she is not seeking reversal of the decree, and is not paying or contributing to the expense thereof, the same being paid or guaranteed by other persons, not parties to the suit, and not named. The affidavit of appellee's counsel in support of said motion, made on information and belief, is flatly contradicted by the affidavits of appellant and William Atwell, her agent,

both affirming not only that she had authorized the appeal, but that she had employed counsel of record in this Court for that purpose, and that she was paying all expenses, and earnestly seeking reversal of the decree. On this showing it is clearly the duty of the Court to overrule the motion to dismiss.

The appellant, Mrs. Sarah Holbrook, widow of Joseph Holbrook, deceased, alone was made defendant to the bill, though it alleged his death, and that T. F. Henritze had been duly appointed and qualified as his administrator..

The bill sought to charge with the payment of a judgment for $1000.00, alleged to have been recently recovered by plaintiff against one W. B.. McClure, a house and lot in the town of Welch, McDowell county, which the said Joseph Holbrook, it is alleged had, for a valuable consideration passing from him, in the conveyance of other land, and not from his wife, fraudulently procured to be conveyed to her, the said Sarah Holbrook, for the purpose of hindering, delaying and defrauding his creditors, and especially the plaintiff, in the collection of their debts. The basis of plaintiff's alleged right to thus charge said property is not that he has any judgment against Holbrook, or his estate, for the amount of said judgment, or that Holbrook or his personal representative had been a party to the suit in which the judgment was recovered, or had ever had a day in court thereon; but that said Joseph Holbrook, together with J. E. Harman, in the former's life time, as sureties for said McClure, had undertaken by written bond executed to the New South Brewing & Ice Co. in the sum of $2500.00, that the said McClure would comply with a certain contract for the sale of beer, and to indemnify said company against any loss or damage it might sustain in consequence of any breach of his said contract. While the bill alleges recovery of said judgment against McClure, and execution thereon returned no property found, and insolvency of J. E. Harman, the other surety, the insolvency of McClure is not alleged.

The demurrer of defendant, overruled, put in issue the sufficiency of the bill. A defect of parties was not specifically pointed out by the demurrer, but the absence of the administrator of Joseph Holbrook is relied on here as ground for reversal. If the defect of want of proper parties appears on the face of a bill, the defect may and ought to be made by demur-

rer. See cases collated in 10 Ency. Dig. Va. & W. Va. Rep. 757. But, on the hearing, though the defect be not suggested by demurrer, plea, or answer, yet, if apparent on the face of the bill, it will prevail at the hearing. 10 Ency. Dig. Va. & W. Va. Rep. 759, and many cases cited.

The question then is presented, is Joseph Holbrook's administrator a necessary party? If he is we should go no farther in disposing of the case than to reverse the decree and remand the cause to have the proper parties brought in as defendants. *Boggs* v. *McCoy*, 15 W. Va. 344, 346. Wait on Fraudulent Conv. (3rd Ed.) 250, on the subject of parties defendant, says: "The question of the necessity of joining the grantor or debtor as a party defendant in an action brought by a creditor to secure a discovery of assets, or cancel a fraudulent conveyance, is involved in some obscurity and confusion, and the authorities relating to the subject must be carefully distinguished and classified." The same writer, in the same connection, thinks the rule quoted from Pomeroy on Remedies and Remedial Rights, section 347, too general and sweeping, viz: That "in an action by a judgment-creditor to reach equitable assets of the debtor in his own hands, or to reach property which has been transferred to other persons, or property which is held by other persons under such a state of facts that the equitable ownership is vested in the debtor, the judgment-debtor is himself an indispensable party defendant." After reviewing the authorities, as supporting his proposition, this writer, in the following section, at page 256, says: "The best reasoning of the authorities seems to establish the rule that the debtor's presence as a defendant is superfluous in suits brought against fraudulent alienees to annul specific covinous conveyances." But at the end of this section he adds: "In any case it is the safer and more prudent practice to summon the debtor as a defendant." In the preceding section the general rule is stated to be that all persons whose interests are directly to be effected by a suit in chancery must be made parties. But whichsoever of the two classes of cases we regard as presenting the best reasoning, it must be conceded, we think, that the weight of judicial decision is in accord with the rule announced by Pomeroy. Our own case of *Boggs* v. *McCoy, supra,* is arrayed on that side. We think also that it will be found that most if not all the cases in other

jurisdictions opposed to this view, have been cases against judgment debtors, where the debtor has had his day in court, and been afforded an opportunity to at least contest the debt. An essential difference has also been observed between the practice at law and in equity, in determining who are proper and who are necessary parties. Story, Eq. Pl. section 72, says that "courts of equity adopt two leading principles for determining the proper parties to a suit. One of them is a principle, admitted in all courts upon questions affecting the suitor's person and liberty, as well as his property, namely, that the rights of no man shall be finally decided in a court of justice, unless he himself is present, or at least unless he has had a full opportunity to appear and vindicate his rights. The other is, that when a decision is made upon any particular subject-matter, the rights of all persons, whose interests are immediately connected with that decision, and affected by it, shall be provided for, as far as they reasonably may be." On the general proposition, see also, 5 Ency. Pl. & Prac. 542; *Gaylords* v. *Kelshaw*, 1 Wall. 81; 1 Hogg's Eq. Proc., section 65.

In the case we have here Joseph Holbrook is dead; the plaintiff has no judgment against him; he has never been summoned into court to contest the fact of his alleged bond of indemnity; or his liability thereon; nor given a day in court to deny the imputation of fraud, and fraudulent disposition of his property, though in this particular case, without process or appearance, the court below has actually undertaken to pronounce personal judgment against the administrator, and award execution thereon against him. We have found no case, and we venture to say, that no case can be found in all the books, holding a party who or whose personal representative is effected as in this case, not an indispensable party defendant to the suit.

We are, therefore, of opinion to reverse the decree below, and remand the cause to be therein further proceeded with in accordance herewith, and we will so order.

*Reversed.*