# CHARLESTON.

FIRST NATIONAL BANK OF WEBSTER SPRINGS, *et al v.* ROSE McGRAW DE BERRIZ *et al.*

Submitted January 12, 1921.   Decided January 18, 1921.

1. STATUTES—*A Possible, Permissible or Conjectural Implication Will Not, by Judicial Adoption, Be Made Part of Statute.*

    A barely possible, permissible or conjectural implication arising from the terms and provisions of a statute does not justify judicial adoption thereof as a part of the statute.   (p. 480).

2. SAME—*Implication Raised From One Statute Cannot Prevail Over Express Provisions of Another.*

    An implication raised out of one statute cannot prevail over express provisions of another.   (p. 480).

3. SAME—*Legislature Will Not be Presumed to Intend by Provisions as to One Subject to Encroach Upon Provisions of Another Statute Relating to a Different Subject.*

    There is a presumption against legislative intention in the enactment of a statute relating to one distinct subject to make it innovate or encroach upon, or limit the express terms and provisions of, another statute relating to a different subject.   (p. 482).

4. EXECUTORS AND ADMINISTRATORS—*Right to Subject Realty to Debts Will Not Stay or Cause Dismissal of Suit to Enforce Judgment Liens.*

    The exclusive right of a personal representative to institute a suit for subjection of the real estate of his decedent to payment of the debts of the latter, in view of insufficiency of the personal estate for such purpose, within six months after qualification, accorded by sec. 7 of ch. 86 of the Code, does

not stay, nor constitute ground for staying, prosecution of a suit for enforcement of judgment liens, instituted against such decedent in his lifetime, under the provisions of chapter 139 of the Code, nor does the commencement of a suit by the personal representative under said sec. 7 of ch. 86, within such six months' period, constitute ground of dismissal of the suit so previously instituted. (p. 480).

5.  EQUITY—*Introduction of New Parties by Amended and Supplemental Bill and Bill of Revivor Held Not to Change Character of Suit.*

The introduction of new parties plaintiff and defendant, by means of an amended and supplemental bill and bill of revivor filed in a suit for enforcement of judgment liens, after the death of the judgment debtor, does not change the character of the suit, nor make such amended bill a new or original one. (p. 483).

6.  EXECUTORS AND ADMINISTRATORS—*Settlement of Decedent's Estate Held Merely Incidental to Suit by Judgment Creditor for Enforcement of Liens.*

After the death of a judgment debtor against whom a suit for enforcement of the liens on his real estate was pending at the time of his death, it is proper and necessary to require a settlement of his estate in such suit, if he left any personal property applicable to the payment of his debts, but such settlement is merely incidental to the accomplishment of the purpose of the suit and does not alter its character, although it is susceptible of enlargement and extension to a purpose not strictly within its original scope, namely, sale of real estate to satisfy unsecured indebtedness. (p. 483).

Certified Questions from Circuit Court, Webster County.

Action by the First National Bank of Webster Springs and others against Rose McGraw De Berriz and others. Decree for plaintiffs and named defendant appeals. On certified questions.

*Affirmed.*

*Ira E. Robinson, John M. Hoover* and *T. S. Riley,* for appellant De Berriz.

*Morton & Woodell, Talbott & Hoover, A. W. Burdett, Kemble White* and *L. L. Dyer,* for appellees.

POFFENBARGER, JUDGE:

The Circuit Court of Webster County has certified to this

court, for review, certain questions arising upon new pleadings filed in the consolidated chancery causes instituted for enforcement of judgment liens on the real estate of the late Col. John T. McGraw, an appeal in which was passed upon here, with the result indicated in the report of the decision, found in 85 W. Va. 298, 101 S. E. 474.

After the remand of the causes and before an amended bill supplying defects as to parties and pleadings had been filed, Col. McGraw departed this life, leaving a will by which he bequeathed and devised all of his estate to his sister, Mrs. Rose McGraw De-Berriz, and named her as sole executrix of the will. The amended and supplemental bill and bill of revivor was filed June 1, 1920, and July 1, 1920, was fixed upon as the date for a hearing there-. on. In the meantime, the will had been probated and the executrix had qualified.' She was made a party defendant in her own right and as executrix and devisee. At the date fixed for the hearing on the amended bill she appeared and demurred to it, moved to dismiss the causes and filed a special plea setting up, in resistance of further prosecution, the pendency of a suit brought by her in the Circuit Court of Taylor County, under the provisions of ch. 86 of the Code, for subjection of the real estate of the testator to payment of all of his debts, on the ground of a deficiency of personal assets, and for settlement of his estate. Her demurrer and motion to dismiss were overruled and her special plea held to be insufficient and rejected.

The demurrer to the amended bill assails it upon some special grounds not applicable to the motion and plea, but maintenance and sufficiency of all of them are urged upon one common ground, namely, that the death of the debtor, pending the judgment lien suits vested right in the executrix to have the causes stayed for a period of six months, to enable her to determine the condition of the estate and elect whether she would institute a suit to charge payment of the indebtedness of the testator upon his real estate and to settle his estate; and, after the institution of such a suit, to have them dismissed or proceedings therein terminated.

The motion to dismiss, which was reduced to writing, and the plea are in all material respects identical. As the grounds

of both are the same, it is unnecessary to determine whether the motion can be treated as a plea and considered upon a certificate. The plea can be examined and disposition of the ruling upon it will constitute sufficient guidance to the trial court.

The position assumed by the plea and also taken in the demurrer is based upon nothing more substantial than mere inferences from statutory provisions and construction put upon them by this court. There is no express statutory inhibition of the prosecution of a judgment lien suit, after the death of the judgment debtor, nor any statute expressly staying prosecution thereof. Though, as a matter of mere logic, it might consistently be said, that discontinuance of a pending suit in which, in case of death of the debtor, his estate must be judicially settled, is consistent with an allowance to the personal representative, of an exclusive period of six months in which to institute a suit having for its primary purpose, such settlement, when the personal estate is insufficient to pay the debts, an inference of legislative intent to work such a discontinuance does not necessarily arise from this fact. Suits to enforce judgment liens are instituted under sec. ɩ of ch. 139 of the Code. The privilege allowed the personal representative is created by sec. 7 of ch. 86 of the Code. These statutes deal with separate and distinct subjects,—judgment liens and subjection of the real estate of decedents to payment of their debts, under certain circumstances. The judgment lien statute affects the living debtor as well as his estate after his death. The other becomes operative only after the death of the debtor. In case of his death, while owing judgments and leaving real estate and insufficient personal property to pay all of his debts, both statutes operate and bring their two subjects into a necessary and close relation but it does not follow that one of them shall displace the other. Nowhere does either of them or any other statute express legislative intent to effect such a displacement. It must arise, if at all, by implication, and it cannot so arise for at least three reasons. The first is that the implication, if any, is not a necessary one in any sense; the second, that a mere implication can never prevail over an express provision; and the third, that there is a presumption against legis-

lative intent in the enactment of one law to innovate upon, limit or alter another.

A necessary implication within the meaning of the law is one that is so strong in its probability that the contrary thereof cannot reasonably be supposed.     Lewis' Suth. Stat. Con., 2nd, Ed., sec. 503.     As has been stated, the two statutes in question have different subjects.   One makes the real estate of a decedent liable for his general debts, unsecured debts, in the case of a deficiency of personal assets.   The other makes a judgment a lien on the debtor's real estate and provides for enforcement thereof.   If, while a suit to enforce a judgment lien is pending, the debtor dies and the condition of his estate is such that his real estate becomes assets for payment of his unsecured debts, the circumstances introduce new elements or factors into the pending suit.   It must be revived against the personal representative and heirs or devisees, of course, and the personal estate has to be applied to payment of the debts, secured as well as unsecured, in relief of the real estate.   *Schilb* v. *Moon,* 65 W. Va. 564; *Kilbreth* v. *Root's Adm'r.,* 33 W. Va. 600; *Hart* v. *Hart,* 31 W. Va. 688; *Boggs* v. *McCoy,* 15 W. Va. 344; *Laidley* v. *Kline,* 8 W. Va. 218.   These cases all affirm the legal possibility and propriety of effectuation of the settlement of the estate of the decedent in the pending judgment lien suit.   Of course, the death of the debtor works a very important change in the legal condition of his estate, but it does not materially affect the status of the lien creditor.   The real estate goes to the heir or devisee subject to all of the debts, whether secured or not, and it becomes the duty of the personal representative to apply the personal estate to payment of the debts *pro tanto* and *pro rata.*   But, as the heir or devisee and the personal representative can be made parties to the pending suit and their rights there fully protected and the purposes of chapter 86 fully effectuated, there is no legal necessity for dismissal or discontinuance of the pending suit.   There is nothing in the situation or circumstances raising an overpowering probability that the legislature intended such a result or procedure.

The allowance of a six months period in which the personal representative has the exclusive right, under ordinary circumstances, to bring the suit authorized by sec. 7 of ch. 86 of the

Code, is not given any express connection with the subject of judgment liens or judgment lien debts. The whole chapter deals with general debts and makes provision for payment thereof. Hence, it does not necessarily confer upon the personal representative any right or power respecting judgment liens. Of course, he must pay the lien debts out of the personal estate, if it is sufficient. The heir or devisee may require him to do so. But the statute under which he may sue pertains to general debts, not judgment lien debts for which provision is made by chapter 139 of the Code. The two subjects are wholly different, although related. The vesting of the right conferred by sec. 7 of ch. 86 does not, therefore, strongly indicate purpose to limit or take away the right of action conferred by chapter 139. Besides, sec. 11 of ch. 86 expressly provides that the chapter shall not affect any lien by judgment or otherwise, acquired in the lifetime of the decedent.

That implication cannot prevail over a clear and positive express provision, even when a single statute is under consideration, is well and firmly settled. *Kelley and Moyers* v. *Bowman,* 68 W. Va. 49; *Wellsburg etc. R. Co.* v. *Pan Handle Traction Co.,* 56 W. Va. 18; *Bell's Admr.* v. *Humphrey,* 8 W. Va. 1. Here we have an effort to raise an implication out of one statute against the express provisions of an entirely different statute having a separate and distinct subject matter.

That there is a presumption against legislative intent in the enactment of one statute to encroach upon another, having different subject matter, further than is absolutely necessary to the accomplishment of the purpose of the act, has an equally firm foundation in our decisions. It goes even beyond inhibition of implications and actually limits and restrains general and indefinite terms importing intention to do so. *Reeves* v. *Ross,* 62 W. Va. 7; *Conley & Avis* v. *Coal & Coke Ry. Co.,* 67 W. Va. 129. The judgment lien statute works an extension of the judgment creditor's common law rights and remedies. *Arnold and Ruffner* v. *Casner,* 22 W. Va. 444, in which the subject was elaborately reviewed by Judge SNYDER. It is an ancient system of law revised, modified in important respects and extended, by the statute. The other statute has an entirely different subject and also works radical alterations of the common

law.   They are manifestly different systems of law, wherefore the rule of construction here referred to obviously applies.

The court in which the judgment lien suits are pending had acquired jurisdiction of the judgments and the real estate on which they are liens, long before the right of the executrix vested and before she attempted by her suit to bring said judgments and lands within the jurisdiction of the Circuit Court of Taylor County.   When a subject of litigation has come within the jurisdiction of one court, it cannot be withdrawn by another having concurrent jurisdiction.   *State* v. *Fredlock,* 52 W. Va. 232; *Prewett* v. *Bank,* 66 W. Va. 184; *French* v. *Hay,* 22 Wall. (U. S.) 236; *Lewis* v. *Darling,* 16 How. (U. S.) 1. It cannot be assumed that the Legislature was ignorant of this all pervading and fundamental principle.   Presumptively, its members were familiar with it, and, not having provided otherwise, they must be taken to have intended it to operate in proceedings instituted under these two statutes.

Upon these principles and conclusions, we are of the opinion that the Circuit Court of Webster County properly rejected the special plea to its jurisdiction and overruled the demurrer to the amended bill in so far as it is based upon alleged lack of jurisdiction.

The other ground of demurrer to the amended bill is unsubstantial and not well taken.   That bill revives the suit of the First National Bank of Webster Springs against John T. McGraw and others, one of the three consolidated suits pending in the Circuit Court of Webster County.   In it, parties to that suit who have not heretofore been formal plaintiffs, have united with the bank as plaintiffs.   Being lien creditors, they were in reality plaintiffs, if formally defendants.   It also makes all of the other parties to all of the three suits, as well as additional persons and corporations, parties defendant.   For these reasons and the altered status of the McGraw estate, it is characterized in argument as a new and original bill.   No reason is perceived why a defendant in equity whose interest requires prosecuton of the suit may not become a plaintiff.   Such a suit as this is for the benefit of all judgment creditors of the debtor. As defendants, these creditors could insist upon the enforcement of their liens.   In equity, formality is unimportant.   It is

unnecessary and might be improper to enter upon an inquiry as to the propriety of making all of the parties to the other two consolidated· suits parties to this one by way of amendment. No evidence of their objection to such procedure is disclosed here. Whether it was proper to make them parties or not, the new arrangement as to parties manifestly does not change the character of this suit. Its purposes and objects remain the same as they were originally. Its subjects, the judgments and lands, are the same and the relief sought is identical. An impediment to full accomplishment of its objects has occurred by reason of the death of the debtor, which makes it necessary to bring in other parties and subjects, but that does not alter its character. It still seeks enforcement of the judgment liens and the additional steps required are mere incidents of the prosecution of the original purposes.

An order will be entered affirming these conclusions and certifying them to the court below.

*Affirmed.*