### COBB, ADM'R,  v.  NORWOOD, ADM'X, AND OTHERS.

Suit must be brought, on a claim against an estate, within three months after its rejection by the administrator, where such rejection is by operation of law ; that is, where the administrator refuses to indorse or annex his allowance or rejection in writing.

Where suit was instituted in Mississippi, and pending the same, the defendant removed to Texas, and after judgment both parties died, and administration was granted in Mississippi on the estate of the creditor, and in Texas, on the estate of the debtor ; and the agent of the administrator of the creditor, so appointed, made an affidavit to the justness, &c., of the claim and presented it to the administrator of the debtor, and the latter rejected it, and suit was not brought within three months ; and the person who had acted as agent of the foreign administrator obtained letters of administration here on the estate of the creditor, and presented the claims again, (same affidavit,) and it was again rejected, whereupon he brought suit ; *Held*, That as the foreign administrator had no authority to collect the debt from the administrator here, the presentation by his agent was a nullity, and that the claim was therefore not barred by failure to sue within three months from that time ; and *Held*, further, That the second presentation was sufficient, the rejection being general.  But see what was said about the objections not being specific.

See this case for what is said about objections to evidence appearing in the bill of exceptions, where the evidence is ruled out.

The creditors and subsequent purchasers without notice, and not the administrator, of a fraudulent vendor, are the proper parties to attack the fraudulent conveyance ; and it seems that where the administrator of the fraudulent vendor and the fraudulent vendees are joined as defendants by a creditor, the latter could prevail against the vendees, although he should fail as against the administrator, by reason of a defect in the presentation of the claim for allowance.

Appeal from Gonzales.  The transcript of the judgment or decree, sued on in this case, and filed, as an exhibit, with the petition, purported to contain the proceedings before the Hon. Henry Dickenson, Vice Chancellor for the Northern District of the State of Mississippi, sitting at Carrollton.  The Vice Chancellor's certificate of authentication, attached to this transcript, was as follows :

" THE STATE OF MISSISSIPPI.   I, Henry Dickenson, Vice " Chancellor of the State of Mississippi, do hereby certify that " Dan R. Russell, whose name is signed to the above certifi-

" cate, was, at the date thereof, Clerk of the District Court " for the Northern District of Mississippi at Carrollton ; that " his attestation is in due form ; and that full faith and credit " are due to his acts. Given," &c.

Attached to said transcript was an affidavit, as follows :

" THE STATE OF TEXAS, ) Before me, the undersigned author-" *County of Gonzales.* ) ity, this day personally appeared " Samuel S. Cobb, who being duly sworn, upon oath says, " that the within claim against the estate of George Norwood, " dec'd, is just, and that all legal offsets payments and cred-" its, known to the affiant, have been allowed.

" Subscribed and sworn to be-) SAM'L S. COBB, " fore me, August the 27th, 1850,) Agent of William and " F. CHENAULT, CL'K. C. C. G. C. ) Indiana Green."

This was the only affidavit of authentication, that was made. On same transcript was the following indorsement:

"The within claim was presented to me on the 28th day of " January, A. D. 1851, and I reject the same.

" SARAH A. L. NORWOOD,

" Adm'rix of estate of George Norwood, dec'd."

The above was the first transcript offered in evidence by the plaintiff, and rejected by the Court. It was filed with the petition, March 6th, 1851.

A certificate of the Vice Chancellor was filed October 15th, 1851, as follows :

"THE STATE OF MISSISSIPPI. I, Henry Dickenson, Vice " Chancellor of the State of Mississippi, in and for the North-" ern District thereof, in which is embraced the District Chan-" cery Court, for said Northern District holden at Carrollton, " do hereby certify that Daniel R. Russell, whose name ap-" pears to the transcript of the record in the case of William " Green and wife, administrator and administratrix, against " George Norwood, (in which cause a final decree was made " at the April Term, 1850, of said Court,) is and was Clerk of " said Court at the date of said decree, has all the time since " been Clerk thereof, and still is Clerk of said Court; that his

'" said attestation is in due form of law and entitled as such to " full faith and credit. In witness whereof," &c.

April 12th, 1852, there was filed another transcript of the proceedings in Mississippi, with the certificate of the Clerk, and without any certificate of the Vice Chancellor. April 13th, 1852, the plaintiff amended, making the last two documents named, exhibits. These were the two documents mentioned in the plaintiff's second bill of exceptions.

The other facts will be found in the opinion of the Court.

*A. S. Cunningham,* for appellee. The reason given by the District Judge for ruling out the papers, was this : The affidavit attached to the judgment, was made by Samuel Cobb, agent, and not by the creditors. It was contended by the defendant's counsel, that an agent could not be aware of the payments, credits, &c.; and this was the reason given, and the only reason given for rejecting it as evidence, in the Court below. The case of Hansell v. Gregg, reported in 7 Tex. R. 223, had not then been seen by the Court, nor was it referred to by either counsel, if known to them.

*Phillips & Phillips,* for appellee. The claim was presented for acceptance, August 27th, 1850, and on that day was rejected. Suit was brought March 6th, 1851. The time that elapsed between its rejection and the commencement of this suit, was six months and nine days. Hence the action was barred. (Hart. Dig. Art. 1160 ; 5 Tex. R. 391.)

LIPSCOMB, J. It appears from the record, that Green and wife, administrators of William J. Norwood, by the decision and determination of a suit in the Court of Chancery of Mississippi, in certain proceedings by bill filed by them against George Norwood, obtained a decree against the said George for two negro slaves, or in default of the slaves being delivered up, with the amount of their hire, for the time they were

detained from the complainants in the bill, then for the value of the said slaves together with their hire. After the commencement of the suit in Mississippi, George Norwood moved to this State, and departed this life, and one Aycock was appointed administrator. On the 25th day of August of the same year that George Norwood died, a copy of the judgment of the Court of Chancery of Mississippi was presented, duly sworn to by Cobb, as agent for the administrator of William S. Norwood, in Mississippi, to Aycock, the administrator of the estate of George Norwood; and he would neither allow nor reject the claim. On the same day, Aycock was removed by the Probate Court from the administration of George Norwood's estate, because he had failed to file an inventory; and on the 25th day of November, 1850, Sarah Norwood, the widow of George Norwood, was appointed in his place, on her giving bond; and on the 15th of November, 1850, her bond was approved by the Probate Court; and on the 28th January, 1851, the claim was presented to her and rejected. On the sixth of March, this suit was brought by Cobb, who had been appointed administrator of William J. Norwood, on the 2nd of January, 1851.

The suit is brought upon the decree of the Court of Chancery of the State of Mississippi. The petition alleges the death of William J. Norwood in the State of Mississippi; the appointment of an administration on his estate; that he left one child, Melissa, who was a minor; the proceedings commenced by the administrators against George Norwood to recover two slaves from him, and the final decree of the Court, in favor of the administrators. It alleges that after the commencement of the suit in Mississippi, George Norwood removed to Texas, bringing the two slaves that had been sued for, with him; his death a few months after his removal to Texas. It charges that George Norwood, by several deeds, copies of which are made exhibits, a few days before his death, with an express intention of defrauding his grand-child, Melissa Norwood, conveyed all of the slaves in his possession to his chil-

dren. It prays that the persons, to whom the slaves had been so fraudulently conveyed, be made parties to the suit; that the deeds to them be set aside, and that the slaves so conveyed be decided subject to the payment of the debts so decreed by the Court of Chancery in Mississippi, in favor of the administrators of William J. Norwood. It makes a proffer of the judgment and decree of the Court in Mississippi.

The defendants, among other pleas in their answer, plead that the suit was not commenced within three months from the time of its presentation to Aycock, the administrator; and was therefore barred. The case was submitted to the jury; and the Judge excluded all evidence of the claim from the jury, and a verdict was found for the defendants, and a judgment rendered thereon. A motion for a new trial was overruled, and the plaintiff appealed.

It is presumed from the briefs, that the evidence of the debt was excluded, on the ground that the suit was barred, because it had not been commenced within three months from the presentation of the claim to Aycock, the first administrator. It is true, that the refusal of an administrator or executor to indorse on a claim, when presented, the refusal or allowance of the same, amounts to a refusal to allow it, and will authorise the commencement of a suit against such administrator; (Art. 1160, 1161, Hart. Dig.) And if the claim, presented, had been so presented by a person authorised to make the oath required by the statute, (see Hansell v. Gregg's adm'r. 7 Tex. R. 224,) the statute of three months would have commenced running on the day that Aycock, the administrator, refused to indorse allowance or rejection on the claim presented. But Cobb, at that time, made the affidavit and presented the claim, as attorney in fact or agent for foreign administrators; as such, he had no authority, nor had his constituents authority, to present the demand to an administrator here, because the foreign administrators had no right to collect from an administrator in Texas; and not until there was an administration on the estate of Wm. J. Norwood here, was there

any person authorised to act upon or represent a debt due to his estate. Subsequently to the presentation, as agent for the foreign administrators, Cobb was appointed administrator; and he had the control of the credit within this State, a right to present the claim, to recover payment, and to commence suit. He then presented the claim, and it was rejected. The statute of three months did not commence running, until it had been presented by him, clothed with authority as administrator; and, on its rejection, he commenced suit within the three months; and, consequently, the statute has not barred the action.

The objections to the evidence were too general. The specific ground of the objection ought to have been pointed out; and if so pointed out, the objection ought to have been overruled. Covert, obscure objections to evidence should receive no countenance. They ought to be sufficiently clear to enable the opposite party to obviate the objection, if in his power. These remarks apply to whatever objections may possibly have existed, to the manner in which the claim was authenticated when presented, or to the record from Mississippi, when offered in evidence. The record shows us no legal objection to the evidence; and the Court erred in excluding it from the jury.

But if there had been valid objections to the presentation, yet the petition of the plaintiff disclosed sufficent matter to have sustained the suit against the other defendants, if not against the administratrix. The petition, representing a creditor, sought to have cancelled, certain voluntary conveyances, alleged to have been fraudulently made by the intestate; and made the parties, holding under these conveyances, defendants. These conveyances could not be impeached upon the ground of fraud, by any other persons than creditors, or purchasers without notice. In the case of Dancey and others v. Smith and others, 6 Tex. R. 411, I delivered the opinion of the Court; it was a strong case of fraud; and, deciding that it could only be impeached by creditors or purchasers without notice, I inti-

70

mated an opinion, that an administrator, for the benefit of creditors, could do so. Whether it could be so impeached or not, was not material to the case before us; and the opinion on that question was only an *obiter dictum*. I have, however become well satisfied that an administrator could not impeach such conveyances; but that it must be done by a creditor, or purchaser without notice, directly. The suit was then properly brought in this case, by a creditor; and the making the administratrix a party, was of no consequence, only so far as was necessary to subject the assets in the hands of the administratrix. And this may have been of little or no consequence.

We are of opinion that the Court below erred in sustaining the limitation of three months, and in excluding the evidence of the claim; and the judgment is reversed, and the cause remanded.

Reversed and remanded.