# NEWPORT COUNTY.

---

ANDREW L. ESTES, Administrator, *vs.* JOHN C. HOWLAND *et als.*

An administrator cannot, in Rhode Island, maintain proceedings to recover property conveyed away by the deceased, though the conveyance may have been in fraud of creditors, and the property may be needed to pay the debts of the estate of the deceased. .

In such case the defrauded creditors are the proper parties to act.

An administrator is, however, the proper party to act, in order to recover sufficient property to defray the expenses of administration, if the assets in his hands are not sufficient for this purpose.

When a bill in equity was brought by an administrator to set aside, as fraudulent against creditors, conveyances made by the deceased, and it did not appear whether the administrator held sufficient assets to pay the expenses of administration, —

*Held*, that the bill, instead of being dismissed, might, if the administrator lacked funds to . defray the expenses of administration, be amended by setting forth this fact, and by adding the creditors, or some of them, suing for themselves and the others.

BILL IN EQUITY brought by the administrator *de bonis non,* with will annexed, of George Howland, late of Tiverton, to set aside certain conveyances of realty made by the testator while in life, as being in fraud of his creditors.

*Providence, July* 18, 1885. DURFEE, C. J. The complainant is administrator *de bonis non,* with will annexed, of George Howland, deceased. The testator died owing or liable for considerable sums, leaving personal assets which, as inventoried and appraised, amounted to only $62.97, and after having conveyed away all his real estate. The complainant brings this suit in his representative capacity, to set aside certain conveyances of real estate made by the intestate shortly before his death, on the ground that the conveyances were fraudulent and void as against his creditors, and that the estates conveyed are needed for the payment of his debts. The first question is whether such a suit can be maintained by an administrator. It is perfectly well settled that an administrator cannot impeach his intestate's conveyances of either real or personal property for fraud, if the property conveyed away is not required for the payment of the debts. The complainant concedes this, but he contends that the administrator can impeach the conveyances for fraud, if the property conveyed away is needed for the payment of debts, because the statute makes it the primary duty of an administrator to pay the debts, and therefore, to the extent of the debts, he represents the creditors. This is a view which has prevailed in some of the states, but more generally it is held that the administrator cannot act in such way for the creditors unless he is specially empowered to do so by statute. 1 Amer. Lead. Cases, *43 ; Bump on Fraudulent Conveyances, 3d ed. 445, and cases cited in notes 1, 2 ; *Crawford's Adm'r* v. *Lehr,* 20 Kans. 509 ; *White* v. *Russell et al.* 79 Ill. 155 ; *Burton* v. *Farinholt,* 86 N. Car. 260 ; *Merry et al.* v. *Fremon et al.* 44 Mo. 518 ; *Zoll* v. *Soper,* 75 Mo. 460 ; *Cobb* v. *Norwood,* 11 Tex. 556 ; *Boggs* v. *McCoy,* 15 W. Va. 344.

We have come to the conclusion that it is not the duty of an administrator under our statute to do more, in respect of the personal estate, than to administer the assets which he is required to inventory, namely, " the goods, chattels, rights, and credits of the deceased," which, in our opinion, do not include goods, chattels,

rights, and credits which the deceased has conveyed away in fraud of his creditors ; and that, in respect of the real estate, it is his duty, if the personal assets are deficient, to obtain leave to sell as much of the real estate left by the deceased, not including the real estate conveyed away by him in fraud of his creditors, as is necessary to make up the deficiency ; and that in these respects the power of the administrator is only commensurate with his duty. If the deceased has conveyed his estates away in fraud of his creditors, the creditors who have been defrauded are the proper parties to prosecute the remedy.

The complainant contends that, even if he cannot maintain the suit in his representative capacity for the benefit of the creditors, he is, nevertheless, a proper party to enforce a charge for funeral expenses and expenses of administration. The defendants urge in reply, that the real estate is not liable for these expenses, because they were incurred after the real estate had been conveyed away. We think, however, considering how shortly before the death of the intestate the real estate was conveyed, that, if the conveyances are set aside, the real estate may be charged for these expenses as well as for the other debts ; these expenses, though incurred after the other debts, being preferred to them in the settlement of the estate. See *Allen* v. *Allen's Adm'r*, 18 Ohio, 234. It does not appear, however, that the complainant has either paid the funeral expenses or that he contracted for them, and so made himself personally liable for their payment. We do not see why, if he did not contract and has not paid them, it is for him, instead of the claimants, to enforce the charge for them more than for the other debts. As to the expenses of administration, we think he is a proper party, if the assets in his hands are not sufficient to pay them, and that, if the assets are not sufficient, the bill, instead of being dismissed, may properly be amended by showing the fact, and by adding the creditors, or a portion of them, suing for themselves and in behalf of the others, as parties upon terms as to costs. *Order accordingly.*

*William P. Sheffield & William P. Sheffield, Jun.,* for complainant.

*Darius Baker,* for respondents.