JOSEPHINE M. DOLAN *vs.* MARTIN J. DOLAN *et al.*

JANUARY 26, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J.   This is a bill in equity to have a deed, in which respondent Edward H. Norris is the grantor and respondent Martin J. Dolan is the grantee, declared to be null and void and delivered up to be canceled, and for other incidental relief.   A decree *pro confesso* was entered against respondent Edward H. Norris, hereinafter referred to as the grantor, and after a hearing on amended bill, answer and proof, the superior court entered a decree granting the complainant certain relief.   From the entry of that decree respondent Martin J. Dolan, hereinafter called the respondent, duly prosecuted his appeal to this court.

In the amended bill of complaint filed November 4, 1949 it is alleged among other things that more than thirty-five years ago complainant at the solicitation of the grantor, an uncle by marriage, who is now over ninety-two years of age, went to live in his home, kept house for him and cared for him and his wife who later became an invalid and died in 1934; that about thirteen years ago complainant gave up all outside employment and thereafter devoted her whole time up to the present in taking care of the grantor's home and in cooking, nursing and looking out for him; that the grantor, in order to keep his promises and to repay her in part for her years of faithful service, on September 25, 1943 executed and delivered to complainant a deed conveying to her and to himself as joint tenants his homestead estate located on Comstock avenue in the city of Providence, which deed was duly recorded in the records of land evidence in that city; and that since 1916 the complainant has lived in a tenement on the first floor of the above property which has a value of between $12,000 and $15,000 and yields a substantial rent from a portion thereof.

It is further alleged in the amended bill that complainant thereafter learned that on September 21, 1948 the grantor had executed without consideration a quitclaim deed to respondent by which deed, thereafter duly recorded, all of the grantor's right, title and interest in the above-mentioned property was conveyed to the respondent; and that by so doing the grantor impoverished himself, broke his promise to the complainant and deprived her of an undivided part of said property, all of which respondent knew or ought to have known.

The amended bill also contains the following averments: "that at the time of the execution of said deed, and for a long time prior thereto, the mind of the said Edward H. Norris was so impaired by the infirmities of age and otherwise as to render him incapable of so understanding his

property rights as to be able to exercise his free and unbiased will with respect to the same, or to manage his affairs and protect his property with prudence and discretion against the undue influence, control or fraud of others, and especially the undue influence, control and fraud of said Respondent, Martin J. Dolan." Likewise that "before, at, and after the time of executing said deed he was incapable of exercising rational volition and said mental incapacity has continued down to the present time."

The relief prayed for by the complainant is set out in the amended bill in the following language:

"1. That this Court declare that the said Edward H. Norris was, at the time he made and executed the aforesaid deed incapable of exercising rational volition and was coerced and unduly influenced by said Respondent, Martin J. Dolan or other persons to the Complainant unknown.

2. That said deed be declared null and void and be delivered up to be cancelled.

3. That said Respondent, Martin J. Dolan, may be decreed to have no right, title or interest whatsoever in or to the said land or any part thereof, and that your Complainant may have leave to cause such decree to be recorded in the Recorder of Deeds Office of said City of Providence.

4. That your Complainant may have such other and further relief as the nature of the case may require and to justice and equity may appertain."

As we view this cause we shall not have to discuss or pass upon all of respondent's reasons of appeal nor will it be necessary to set out the evidence at length. It will be sufficient for present purposes to refer briefly to the principal facts as disclosed thereby. It appears that complainant and respondent are children of the same father but of different mothers.

In support of the allegations of the bill, evidence was introduced to the effect that complainant at the request

of the grantor performed extensive services for him and for his wife over a period of years without receiving any payment of money; that to avoid trouble in the future and to carry out a promise he executed the deed of September 25, 1943 creating a joint tenancy between them in the homestead property; and that at all times he and complainant acted as father and daughter and so addressed each other. There was in addition testimony to the effect that on July 4, 1948, when the grantor was about ninety years old, he accidentally fell striking his head and injuring himself severely and that thereafter he began to fail both physically and mentally.

Also in the summer of 1948 respondent, who previously had seldom seen the grantor, took him out occasionally and became very friendly with him; that about the middle of September of that year they visited the office of an attorney who received instructions from the grantor, apart from the presence of respondent, relative to the making of a will and the drawing of a deed; and that on September 21, 1948 they returned to the same office and the grantor executed his will and the quitclaim deed which complainant is seeking to have declared null and void.

In deciding this cause the trial justice, relying largely on certain allegations in the fifth paragraph of the amended bill, construed it as being in effect one to specifically enforce an oral contract made by the grantor with complainant. The trial justice found that after the deed of September 25, 1943 creating the joint tenancy between them was executed "Edward Norris and this complainant entered into an agreement under which he agreed he would retain his ownership in that property throughout the remainder of his life, and upon his death, if she survived him, it would go to her."

In regard to the allegations in the amended bill of incompetency on the part of the grantor and undue influence and fraud practiced upon him by respondent the trial justice made the following comment: "This complainant

cannot take advantage in this suit of any objection to the deed of September 21 from Norris to the respondent Martin Dolan; those defenses are personal to Norris. * * * She cannot in this case * * * undo any overreaching that this respondent Dolan may have taken upon the respondent Norris." He also stated: "I want to make it clear, I'm making no finding on the want of capacity on the part of Norris; no finding * * * that there was fraud on the part of Dolan * * *."

In conclusion the trial justice held that complainant could have relief only in case a wrong had been done her, and he found such a wrong by reason of the conduct of the grantor in transferring, contrary to his above-mentioned alleged agreement, his joint interest in the property to respondent. In reaching that holding the trial justice made the following statement: "This respondent Norris, if competent, had a right to give the property away without consideration to Dolan, but if he made a contract such as I have found he made with the complainant, he couldn't give it away to anyone." The court then ordered the parties to make certain conveyances between themselves in order to restore the *status quo* existing prior to the execution of the quitclaim deed of September 21, 1948 and also granted complainant certain injunctive relief.

The basic question appears to be whether the trial justice could properly treat the amended bill before him as one for the specific performance of an oral agreement between complainant and the grantor. Broadly speaking a bill of complaint is to be considered as a whole and in the absence of statute it will generally be construed against the pleader when its statements are ambiguous, equivocal or uncertain. However, the language of the bill should be given a reasonable and not unduly technical interpretation. 30. C.J.S. Equity §203, p. 663.

In our judgment a bill which is clearly and intentionally framed to obtain certain definite relief based on specific allegations of fact cannot ordinarily be transformed into a

bill seeking other relief, particularly when based on a theory apparently foreign to that of the bill as drawn, and one which would be subject to certain different defenses and evidence. A respondent in order to prepare his defense and not be prejudiced is entitled to be reasonably apprised before trial of the complainant's claim.

Upon examination and consideration of the amended bill, it is our opinion that in the circumstances the trial justice was not justified in construing it to be one in which complainant was seeking to have specifically enforced a certain oral understanding between herself and the grantor. If that was complainant's theory of her case it is not so alleged. As we view it the amended bill is clearly and definitely drawn to have the deed of September 21, 1948 declared null and void because in substance it had been obtained from the grantor, when he was incapable of exercising rational volition, by respondent through the exercise by the latter of undue influence, control and fraud. That the parties themselves considered the bill in this light is shown by the fact that the cause was tried on such theory; that the evidence introduced related to the issues thus raised; and that the question of the specific performance of an agreement allegedly made by complainant and the grantor was first suggested by the trial justice after the complainant's case was closed.

The amended bill contains no clear and definite allegations that the above parties had any understanding between them in respect to the joint tenancy, nor does the bill in its prayer for relief ask for the specific performance of such an agreement. In this connection the complainant is not entitled to rely on her prayer for general relief since under such prayer the relief granted must be reasonably consistent with the case stated in the bill of complaint. In our opinion that requirement is not satisfied here. Further in our judgment the allegations in the fifth paragraph of the bill, upon which the trial justice apparently relied in reaching his decision, were merely a narrative

statement or a conclusion that in executing the deed of September 21, 1948 to respondent the grantor "has thereby broken his many promises to your Complainant and deprived her of an undivided part of said premises * * *." At best the statement is too vague, because neither in that paragraph nor elsewhere in the bill is there any allegation or clarification of the nature and extent of the many promises thus allegedly broken.

It has been held generally that a suit in equity is confined to the issues made by the pleadings. The above principle was recognized by this court in *Atlantic Fire and Marine Ins. Co.* v. *Wilson, Gall & Co.,* 5 R. I. 479, where the court said at page 488: "We should contradict, in the most flagrant manner, the just principle of equity practice which requires, for the purposes both of answer and proof, a fair conformity between the 'allegata' and the 'probata,' upon a bill for relief, if we should allow the complainants, because their proof fails them upon the ground alleged, to obtain relief upon any other ground, and especially upon any ground inconsistent with that."

In *Rubber Company* v. *Goodyear,* 76 U. S. 788, at page 793, the court used the following language: "In equity, the proofs and allegations must correspond. The examination of the case by the court is confined to the issues made by the pleadings. Proofs without the requisite allegations are as unavailing as such allegations would be without the proofs requisite to support them." Also in *Merrill* v. *Washburn,* 83 Me. 189, at page 191, the court held: "Good pleading is as essential upon the equity side, as upon the law side, of the court. Full, clear, direct and orderly statements are required by the chancery rules, and by the very nature of equity procedure. Equity decrees must be based upon the allegations in the bill. Prayers for relief must be unavailing, unless preceded by allegations showing a complete case, authorizing the exercise of equity jurisdiction. The most ample evidence is useless without sufficient statements in the pleadings. Evidence without allegation

20

is as futile as allegation without evidence." See also 1 Whitehouse Eq. Pr. §§88, 408; 30 C.J.S. Equity §605, pp. 997, 998.

Treating the amended bill, therefore, as one to have the deed of September 21, 1948 declared null and void because of coercion, undue influence, or fraud practiced by respondent upon the grantor, we are of the opinion that this complainant has not established her right to maintain such a bill. The particular wrong alleged in her amended bill has not been inflicted upon her, and she is not suing in any representative capacity. Ordinarily a bill of the above nature is properly brought by the one imposed upon or by some duly appointed person acting in his behalf. We are constrained to hold that on the amended bill as drawn the basis of the decision was not a proper issue before the court and the bill should be dismissed, but without prejudice to any party's rights not determined in this proceeding.

The respondent Martin J. Dolan's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a decree denying and dismissing the bill of complaint.

*Grim & Littlefield, Benjamin W. Grim,* for complainant.
*Walter R. Orme, Edmund J. Carberry, Jr.,* for respondent Martin J. Dolan.