ARTHUR N. VOTOLATO, *Ex'r. vs.* JOSEPH A. McCAULL.

APRIL 30, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity to set aside and declare null and void a quitclaim deed from Patrick McCaull, complainant's decedent, to his son Joseph A. McCaull, the respondent. The cause was heard in the superior court on bill, answer, replication and oral proof, and thereafter the trial justice reserved decision. Later he filed a rescript in which he reviewed the evidence and decided that it did not support any of the allegations upon which complainant predicated his right to the relief prayed for in the bill. A decree denying and dismissing the bill was thereupon entered and from that decree complainant has duly appealed to this court.

The complainant in his reasons of appeal states seven separate reasons but they are for the most part repetitious and amount to no more than a claim that the decree is contrary to the law and the evidence and the weight thereof. In the discussion that follows we have directed our attention to those specific reasons in determining whether the trial justice erred in weighing the evidence or in applying the law thereto.

The following facts are not in dispute. On October 16, 1934 in the office of complainant, a member of this bar, Patrick McCaull, respondent's father, and Nellie Donavon, a widow, executed reciprocal wills of all their property and therein nominated complainant as executor. At that time Patrick McCaull had been lodging and boarding in Nellie Donavon's home in Providence for almost a year. Prior thereto he and his wife Mary J. McCaull had been living in respondent's home in Glocester in this state. However, Mrs. McCaull died February 24, 1933 and near the end of that year or early in 1934 Patrick McCaull went to Nellie Donavon's home where he continued to reside until his death on November 7, 1946.

On December 10, 1946 his will was probated and complainant was confirmed as executor. Thereafter the executor mailed a copy of the will to respondent, who did not know before receiving it that his father had made a will. Apparently Patrick McCaull had no property except an undivided one-half interest and a life estate by the curtesy in certain real estate in Providence which he and his wife held as tenants in common. Since his wife had died intestate, her half interest, subject to her husband's curtesy, had descended to respondent and his sister Mary Agnes McCaull as her sole heirs at law. On July 9, 1942 respondent received from his father a quitclaim deed of all his right, title and interest in and to such real estate. The respondent did not record the deed at that time but left it with the attorney who had drawn it.

Upon learning of his father's will, respondent promptly recorded this deed on December 17, 1946. Thereafter on January 8, 1947 the instant bill of complaint was brought by complainant solely in his capacity as executor of the will of Patrick McCaull. Nellie Donavon neither joined in the bill as a party complainant nor testified at the hearing. The complainant and respondent were the only witnesses and complainant acted as his own solicitor.

The respondent neither demurred to the bill nor raised any question as to its sufficiency in his answer. He merely took issue with the allegations of fact in certain paragraphs thereof, some of which he denied and others he neither admitted nor denied but put complainant upon his proof. Those paragraphs are as follows:

"Fifth: That shortly after the death of said Mary J. McCaull in February 24, 1933 said Patrick McCaull took up residence with one Nellie Donavon, a widow, whereupon they became real intimate and on October 16, 1934 said Patrick McCaull and said Nellie Donavon went to the office of Arthur N. Votolato, an attorney, and executed reciprocal wills leaving all their earthly goods to each other. (A copy of said wills are hereby annexed to this Bill of Complaint, marked Exhibit B and C, and made a part hereof.)

Sixth: That said Patrick McCaull was old and had a bad temper when he drank to excess, and was not on friendly terms with his son Joseph A. McCaull after the death of his wife in 1933.

Seventh: That said Nellie Donavon took care of said Patrick McCaull in sickness and in health up to the time of his death on November 7, 1946.

Eighth: That said Nellie Donavon relied upon his promise and exercised great care and patience, and sacrificed her time and money in consideration of Patrick McCaull's leaving her his property as set forth in his Will dated October 16, 1934, which Will was never revoked by said Patrick McCaull prior to his death."

"Tenth: That on November 18, 1946 the Last Will and Testament of Patrick McCaull was filed for probate at the Providence Probate Court, and on December 10, 1946, Arthur N. Votolato was appointed Executor with bond in the amount of One Hundred ($100) Dollars, without surety. Thereafter on December 11, 1946 said Executor, Arthur N. Votolato, notified said Joseph A. McCaull of his appointment and mailed him a copy of the Will of his late father."

"Twelfth: That said Joseph A. McCaull did not at any time exercise any control over said property. That on the contrary, his father Patrick McCaull collected all rents, made repairs, paid all mortgage principal and interest, and tax payments and exercised exclusive control over said property up to the time of his death."

Such allegations constitute the gravamen of the bill. It is obvious that they do not allege any inequitable conduct on the part of respondent. Neither does the transcript disclose any evidence of such conduct. Apparently from complainant's testimony and from his contentions in the superior court and in this court, the real ground upon which he based his right to a cancellation of the deed was the assumed inequitable conduct of the decedent in conveying away his property in violation of his supposed agreement with Nellie Donavon by virtue of their reciprocal wills.

However, no such allegation appears in the bill expressly or by reasonable inference and without it no proof of such fact is permissible, since it is a fundamental principle applicable both in law and equity that what is not alleged may not be proved. *Dolan* v. *Dolan*, 78 R. I. 12; *Atlantic Fire & Marine Ins. Co.* v. *Wilson, Gall & Co.*, 5 R. I. 479. For this reason such evidence is not probative of any cause for relief alleged in the bill and must be disregarded. Therefore since there is no allegation therein of inequitable conduct on the part of respondent, the trial justice did not err in denying and dismissing the bill although he did not base his decision on the above grounds.

Moreover, there is another and perhaps more compelling reason why the bill should have been dismissed, when it definitely appeared that complainant was charging his own testator with conveying away all his property in fraud of Nellie Donavon's alleged rights therein. It has long been settled in this state that a personal representative cannot impeach his decedent's conveyance of either real or personal property allegedly made in fraud of his creditors even though the estate in the hands of the personal representative is

insufficient to pay decedent's debts. *Estes* v. *Howland,* 15 R. I. 127. In that case this court stated that the creditor was the proper party to bring suit to have such a conveyance set aside for fraud.

It is the right and duty of a personal representative to pursue his decedent's personal property, and also his real property if needed for the payment of his debts, where decedent has conveyed it away *by reason of fraud practiced upon him,* but it is no part of an executor's or administrator's duty to charge his own decedent with fraud in order to avoid his conveyance for the benefit of another. Furthermore, in so far as a decedent's real property is concerned his personal representative has no interest in it whatever, even though it has not been conveyed, unless he is authorized by the probate court to take possession thereof on the ground that the personal estate is insufficient to pay decedent's debts. In the absence of such authority decedent's real estate which vests immediately upon his death in his heirs or, if devised, in his devisee, is under the exclusive control of such heirs or devisee. Therefore on the present record Nellie Donavon, as devisee under decedent's will, was the proper party entitled to bring suit against respondent to set aside Patrick McCaull's deed as having been made by him in fraud of whatever rights, if any, she had in his property by virtue of their reciprocal wills.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Arthur N. Votolato, Leo T. Connors,* for complainant.

*James J. Fogarty, Jr., Edward J. Plunkett, Eugene F. Cochran,* for respondent.