122 A.2d 159 (1956)
Christina MOTTA
v.
Helen Grania GOUVEIA.
Eq. No. 2327.
Supreme Court of Rhode Island.
April 17 as of January 17, 1956.
*160 William R. Goldberg, Pawtucket, for complainant.
John S. McKiernan, Providence, J. Frederick Murphy, Pawtucket, for respondent.
FLYNN, Chief Justice.
This bill in equity was brought to compel the respondent to convey to the complainant certain described real estate in the city of Pawtucket, or in the alternative to cancel as null and void a deed purportedly executed by the complainant as Christina Motta and conveying those premises to the respondent's late husband, and for other incidental relief. It was heard in the superior court on bill, plea, answer and proof, and thereupon a decree was entered denying and dismissing the bill. The case is here on the complainant's appeal from that decree.
The bill of complaint alleges in substance and effect that complainant, a single woman who was born in Portugal and is unable to read, write or understand the English language, in 1935 acquired the real estate in question through a deed of conveyance from Antonio Rodrigues and his wife, subject to a first mortgage on which the balance due was approximately $4,800. It is also alleged that in 1935 Antonio Gouveia, who came from the same part of Portugal and was a friend of complainant, rented the store on the street floor and also the second-floor tenement in said premises; that complainant and Gouveia, who had not then married the respondent, had an oral understanding whereby he would collect all the rents from the premises, pay the taxes, water bills, interest and expenses thereof, and then apply the remainder of such collections as payments on the principal of the first mortgage held by the Roger Williams Savings Fund and Loan Association.
The bill further alleges that between 1943 and 1947 Gouveia paid to complainant various small amounts totaling the sum of $360; that he has never made any accounting; and that "the respondent's late husband, Antonio Gouveia, intending to deprive her [complainant] of said real estate wrongfully caused the purported execution of the aforesaid deed naming himself as grantee therein and that she did not appear before Dominique S. Pavou, the Notary Public mentioned in said deed or *161 any Notary Public for the purpose of executing said deed and that the said purported mark of Christina Motta is not in fact her mark and that said deed is a forgery." The complainant alleges that she had no knowledge of such deed until after the death of Gouveia on March 20, 1948. She therefore prays for a conveyance by the respondent, who is the surviving joint tenant of the premises under a later deed from Gouveia to himself and respondent, or for a cancellation of the purported deed from complainant to Gouveia as null and void because of such alleged fraud and forgery, and for other incidental relief.
At the hearing in the superior court complainant's direct testimony tended generally to support most of these allegations. However, the respondent introduced the agreement dated December 16, 1936, which was executed by complainant's mark and acknowledged by her before a notary public at the same time she executed the original deed. The attorney who drew both instruments testified in substance that complainant and Gouveia came to him requesting the preparation of the deed and agreement; that he personally drew both instruments, using the description of the premises contained in the deed to complainant from Rodrigues, which deed complainant had brought with her; that when he discovered she could not write her name he explained to her in Portuguese the contents of both instruments; and that she then executed both by her mark and acknowledged them in his presence.
The agreement, which was thus executed by both complainant and Gouveia, in brief outline recited complainant's ownership of the premises, the fact that interest and principal payments of the first mortgage were in arrears, taxes were to be paid, and the property was in need of repairs; and that complainant was "unable to finance the upkeep of the property." It further stated that complainant "instead of losing the property at the present time has deeded the property to the buyer upon the following conditions * * *." Then follow certain conditions which permitted the grantee Gouveia to pay the back interest and principal due on the mortgage, the taxes, water bills, insurance, and necessary repairs, which included a new roof, and new fixtures, floors and bathrooms, and in general to act in all respects as if the property were his own. This authority, however, was subject to the sole condition that at the expiration of eighteen months the parties should have an accounting and the complainant, if she desired, could have a reconveyance of the property by repaying Gouveia the difference between his personal expenditures and the income from the property, together with six per cent interest thereon during the whole time. Otherwise the deed was to become absolute and vest title in Gouveia free of conditions.
Notwithstanding these exhibits and this testimony, complainant still persisted in denying that she had executed the deed and agreement and she testified that she had never seen the attorney before his appearance in the superior court. She also denied she had made a similar mark as her signature on another instrument in the presence of two different witnesses when in 1940 she had transferred to Gouveia all her interest in the shares of the mortgagee bank as well as any equity of redemption in the first mortgage. It appears that Gouveia by that time had made extensive repairs and invested substantial sums of his own money, one item alone amounting to the sum of $2,000; and that complainant at no time was able or willing to take over the property and its management in accordance with the conditions of the written agreement.
She further admitted that she was unable to rent or manage the property successfully in 1936; that she was forced to pay the mortgage interest out of her other earnings; and that she had her attorney attend to the transaction by which she had received a second mortgage when she had loaned $1,500 previously to Rodrigues, and also later when she received a deed from him in consideration of the extinguishment of such indebtedness. While stating generally that she received small sums from Gouveia as *162 late as 1947, she had no books, memoranda or other corroboration of the dates and her cross-examination indicated that she was not certain of the precise years. In any event she admitted that Gouveia had kept a small book in which he entered payments to her; that she permitted him to manage, repair and improve the premises as his own property; and that she never requested a full accounting or a reconveyance of the premises during his life.
The trial justice found that complainant had not established her allegations of fraud and forgery, which constitute the gravamen of her bill of complaint, and he further found that she had been guilty of laches as claimed in respondent's plea. We are of the opinion that he did not misconceive the law or overlook any material evidence in reaching these conclusions. Indeed, complainant's counsel in argument before us concedes that on this record the trial justice's findings as to complainant's execution of the deed and agreement cannot be said to be unreasonable. However, he now seeks to argue the case on a theory which is entirely different from the essential allegations of the bill. While relief may be justified under a prayer for general relief, even if a bill based primarily upon allegations of fraud has failed, it is essential that there also be proper and adequate allegations of fact in the bill and that they be proved by evidence before the court in order to justify such a disposition. See Dolan v. Dolan, 78 R.I. 12, 17, 78 A. 2d 367.
Moreover, even if we were to assume that the allegations of the instant bill permitted such relief, the evidence does not establish the existence of a confidential relationship, or an overreaching of the complainant, or an implied constructive or resulting trust, or that unjust enrichment of the respondent will result from complainant's transactions with Gouveia, as she now claims. The conduct of Gouveia was shown to have been consistent with the executed deed and conditional agreement, and the testimony of certain witnesses instead of contradicting Gouveia really is consistent with his performance under the written agreement.
Furthermore in our judgment the evidence in any event supports the trial justice's finding that complainant was guilty of laches. We have held: "Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another." Chase v. Chase, 20 R.I. 202, 203, 37 A. 804, 805. Here the question was not merely a lapse of time. In addition to a delay of many years  the deed in question having been recorded within two days of its execution in 1936  there has been a serious change in circumstances with resulting disadvantage to respondent. The bill was not brought until many years after 1940 when complainant surrendered her equity in the shares of the mortgagee bank, thereby indicating an intention not to claim her equitable rights in the mortgage or premises under the agreement. Nor was it brought until many years after 1945, when the mortgage had been fully paid and substantial improvements and expenditures had been made by Gouveia personally. Indeed it was not until three years after Gouveia's death in 1948 that the bill was brought. This conduct by the complainant may well have misled Gouveia to make certain expenditures. Certainly it deprived the respondent and the court of the opportunity to have Gouveia's testimony in explanation of the pertinent transactions. In our judgment such long delay in the face of recorded instruments as to title of real estate worked a disadvantage to the respondent, as found by the trial justice.
The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.
CAPOTOSTO and BAKER, JJ., not participating.