AMELIA J. PARRILLO *et al. vs.* MICHAEL P. RICCITELLI.

SANDER J. DEVOLVE *vs.* SAME.

JUNE 15, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

Roberts, J. These are two suits in equity wherein each complainant seeks to enjoin the same respondent from using a platted street upon which their properties abut.

The cases were heard together in the superior court on bill, answer and proof and a decree was entered in each case denying and dismissing the bill of complaint. From such decrees the complainants have appealed to this court.

According to the undisputed facts, the Fletcher Land Company, now defunct, in 1911 platted a parcel of land located in the town of Johnston. We shall refer to the plat, which was duly recorded on plat card No. 87, as the Fletcher plat. Among the streets delineated on such plat is one identified as Bedford street. That street, as platted, is 40 feet wide and in general extends southerly from Thornton street until it comes to a dead end in a marshy area. Thornton street is now Plainfield street and will be so referred to. It runs generally east and west.

On July 14, 1931 the complainant Sander J. Devolve purchased lot No. 226 on the Fletcher plat, which lot was located on the southwest corner of Plainfield and Bedford streets with a frontage of 50 feet on Plainfield street and 100 feet on Bedford street. The complainant Amelia J. Parrillo purchased lot No. 217 on said plat on October 8, 1938, which lot was located at the southeast corner of Plainfield and Bedford streets with a frontage of 50 feet on Plainfield street and 100 feet on Bedford street. The respondent owns five adjoining lots on the Fletcher plat, all of which front on Bedford street further south than complainants' properties.

As platted, a portion of Bedford street 100 feet in length and 40 feet in width lies between the properties of the complainants. Each complainant has built a garage at the rear of his lot. These garages front on Bedford street and a common driveway some 12 to 14 feet wide extends from the garages along Bedford street to Plainfield street. The complainants seek to enjoin respondent from passing over with his vehicles that portion of Bedford street lying between their properties, claiming that they have acquired title thereto by adverse possession.

The law with regard to platted streets and their dedication is well settled in this state. Where a plat is recorded with streets delineated thereon and lots are sold with reference to the plat, there is, so far as the public is concerned, an incipient dedication of such streets. *Brown* v. *Curran,* R. I., 83 Atl. 515. To complete such a dedication and establish as public highways the streets that appear on the recorded plat, there must be an acceptance on the part of the public. Such an acceptance may be accomplished by public user or by appropriate action on the part of public authorities. *Brown* v. *Curran, supra; Marwell Construction Co.* v. *Mayor and Board of Aldermen,* 61 R. I. 314, 321.

In the instant case, had the offer to dedicate Bedford street, flowing from a recording of the plat and sales therefrom, been accepted either by a public user or by action on the part of public authorities, complainants' claim of adverse possession would be without merit, since no right or title can be acquired in a public highway by adverse possession. *Knowles* v. *Knowles,* 25 R. I. 325. However, there is no evidence that there was an acceptance of the incipient dedication in either form, and consequently title to a portion thereof could be obtained by adverse possession. *Marwell Construction Co.* v. *Mayor and Board of Aldermen, supra,* at page 323.

The complainants next contend that by reason of adverse possession they have acquired title to those portions of Bedford street lying between their respective lots. In support thereof they rely on general laws 1938, chapter 438, §2, and therefore the burden is on them to prove that they have been for a period of ten years in the uninterrupted, quiet, peaceable and actual seisin of the land in question.

The real question for determination was therefore reduced to one of fact. The trial justice considered the evidence before him and stated in his rescript: "There is much contradictory testimony but in the Court's opinion the evidence is not such that it can be said that either Devolve

or Parrillo has established title in Bedford Street to such a degree as to prevent Riccitelli from having an easement of travel over the entire length and width of Bedford Street as delineated * * * ."

The complainants claim that such finding, which is the basis of the trial justice's decision denying and dismissing the bills of complaint, is against the weight of the evidence. In order to prevail on that contention in this court, complainants must show that such decision was clearly wrong or that the trial justice misconceived or overlooked important evidence in their favor. From our examination of the transcript, we find no merit in the contention. We are therefore of the opinion that the decision of the trial justice was not clearly wrong and hence we will not disturb it.

The complainant's appeal in each cause is denied and dismissed, the decrees appealed from are affirmed, and each cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum,* for complainants.

*Francis A. Manzi,* for respondent.