WILLIAM H. NOONAN *et al. vs.* JOSEPH P. CUDDIGAN.

APRIL 22, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This bill in equity was brought to enjoin the respondent from building an addition to a commercial building located on lots alleged to be restricted to residential uses. After a hearing before a justice of the superior court a decree was entered granting the injunctive relief sought. The cause is before this court on the respondent's appeal from that decree.

It appears that the Victory Land Company was the owner of a tract of land in the town of East Providence which in 1921 it caused to be platted for development according to a plat entitled "Broadway Villa Park, East Providence, R. I., belonging to the Victory Land Co. Inc., French & Bateman, Eng'rs. July, 1921." It is not disputed that the plat was filed for record without any restrictions as to use being noted thereon or any being filed with reference made thereto. The plat extended easterly from Broadway along both sides of a street now known as Agnes street and was divided entirely into house lots, the total number of which was eighty-two.

The respondent, apparently, is presently the record owner of certain lots on the plat all located on the southwesterly side of Agnes street and which are numbered in the recorded plat, respectively, as 37, 40, 41, 42, 43, 44, 45, 46 and 47. In the pleadings his lots are referred to according to the numerical designations appearing on assessor's plat No. 4, and hereinafter we will refer to the lots by the recorded plat designations and parenthetically indicate the numbers used in the pleadings. The complainants are the

owners of several lots on the plat located on the north side of Agnes street.

The evidence, which is not substantially disputed, indicates that in 1948 respondent erected a cement block building which was located on lots 41 (546) and 42 (547). The respondent uses this building as an office and warehouse in his plumbing business. The evidence also reveals that he uses lots 44 (549) and 45 (550) for open storage of plumbing supplies. Of the latter two lots only lot 44 (549) is within the effect of the injunctive relief granted to complainants.

In January 1953 respondent filed a petition requesting that the town council of East Providence amend the zoning ordinance by changing the classification of lots 40 (545), 41 (546), 42 (547), 43 (548), 44 (549) from residential "A" to commercial "C." After a hearing thereon the town council granted the petition and amended the zoning ordinance. Immediately thereafter respondent constructed the foundation for the addition to his building and as a consequence thereof this action was commenced.

The restrictions in question read as follows: "That no building other than a dwelling house, private stable or a private garage shall be erected on said lots; that each dwelling house erected on said premises shall cost not less than $3000.00 * * *." An expert title examiner testified that he had examined all of the conveyances made over the years with relation to the lots on this plat. He testified that the original grantor had made eighty-two conveyances and that in sixty-five of the deeds the specific provisions set out above were stated. He further testified that with respect to the seventeen lots where the original grantor had not stated the restrictions the grantees of the original grantor in subsequent conveyances had made reference to the restrictions contained in prior deeds.

Among other things respondent contends that complainants are not entitled to enforce the restrictions against him.

We think that this contention is sound and for that reason it will not be necessary for us to consider his other reasons of appeal. It is clear from the evidence that the original grantor did not file with the plat which it recorded the restrictions sought to be enforced. Neither did the original grantor insert in apt language in the deeds to its grantees covenants to impose the restrictions on all of the remaining lots for the common benefit of its grantees. Had this been done, the restrictions would have been enforceable by the owners of the lots *inter sese*.

The complainant Noonan introduced in evidence certain deeds which establish that in 1928 he acquired fifteen lots from the original grantor, the Victory Land Company. In 1940 he conveyed the lots upon which he claims the right to enforce the restrictions and these same lots were reconveyed to him in 1943. The complainant Oliver acquired his lot after some mesne conveyances in 1947. The complainants also adduced evidence in the form of deeds which established that respondent acquired his lots in 1937, 1948 and 1949 from grantors other than the original grantor. No evidence was adduced to establish the dates of the mesne conveyances in respondent's chain of titles and, what is most important, whether respondent's ancestors in title, who were the grantees of the original grantor, acquired these lots before or after complainants acquired theirs. The burden was on complainants to establish the time order in which the original grantees acquired title from the original grantor if they were to prove a right to enforce by reason of privity.

We are of the opinion that in cases where the grantees of the original grantor have in turn conveyed their lots to subsequent grantees the rights of the subsequent grantees to enforce restrictions are identical with those of their ancestors in title who were the grantees of the original grantor. *Summers* v. *Beeler*, 90 Md. 474.

It is clear therefore that complainants have failed to es-

tablish that they, as original grantees, acquired their property from the original grantor subsequent to the time that respondent's ancestors in title, who were the grantees of the original grantor, acquired their lots. The complainants having thus failed to meet this burden, we shall consider the case only on the state of the record and treat complainants as prior grantees who seek to enforce the restrictions against a subsequent grantee. To prevail in such circumstances, complainants, being considered prior grantees, have the burden of proving that the original grantor platted and sold the lots under a uniform scheme for development of the property. It is well settled that where, in conformity with a general plan for development, the owner of property divides it into building lots and places upon them uniform restrictions, any subsequent owner may enforce the restrictions against any other grantee or present owner of such lots. *Welshire, Inc.* v. *Harbison,* 32 Del. Ch. 362. We have held recently in the case of *Bessette* v. *Guarino,* 85 R. I. 188, 128 A.2d 839, that in the absence of such a general plan for development of the land, the restrictive covenants cannot be enforced by a prior grantee against a subsequent grantee of the common grantor.

The trial justice found that the original grantor, in platting and selling these lots, did so pursuant to a uniform plan for the development of the plat as a residential area and that complainants were entitled to enforce the restrictions against respondent. It is our well-settled rule that we will not set aside the finding of a trial justice sitting in equity unless it is clearly wrong. In the instant case, however, we are of the opinion that the evidence does not sustain the finding of the trial justice.

The question as to whether the general plan of development existed turns on the intent of the original grantor. In this case it is whether such grantor intended to bind itself and to burden all of the lots with reciprocal equitable restrictions. *Clemence* v. *Mazika,* 73 R. I. 254, 261. What

is required to be established is the intent of the original grantor at the time it developed and sold the lots comprising the tract.

We are unable to agree with the trial justice that certain of the facts to which he alludes in his rescript are probative of the intention of the original grantor. In our opinion the inclusion of the restrictions in sixty-five out of eighty-two conveyances does not tend to establish an intent to pursue a uniform plan of development. We feel that the failure to include the restrictions in seventeen of the conveyances tends to negative the existence of such an intention. Neither do we construe the reference to restrictions in deeds made by subsequent grantors or the absence of violation of the restrictions on the part of all subsequent owners except the respondent to be probative of the intent of the original grantor. In our judgment the evidence relating to its intention with respect to the adoption of a uniform plan of development is insufficient to support the finding of the trial justice that such a uniform plan was pursued by the original grantor. We are therefore of the opinion that he erred in finding that these complainants were entitled to enforce the restrictions.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court with direction to enter a new decree denying and dismissing the bill of complaint.

FLYNN, C. J., heard case but did not participate in the decision.

Complainants not represented.

*James J. McAleer, Walter J. Hennessey,* for respondent.