CURRAN & BURTON, INCORPORATED *vs.* INTER-CITY FUEL OIL, INC.

OCTOBER 23, 1959.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J.  This is a petition by the mortgagees of the respondent corporation to have certain proceeds of accounts receivable which were collected by the receiver of said corporation declared their property under the mortgage. From a decree of the superior court denying the petition and instructing the receiver to retain such proceeds the mortgagees have appealed to this court.

It appears from the record that on October 23, 1953 Romeo N. Berthiaume, then doing business as Inter-City Fuel Oil Co., gave a chattel mortgage, properly recorded, securing a $6,000 note to Lionel H. Savoie and Anna Savoie. This mortgage covered trucks, fixtures, and equipment belonging to the mortgagor and in the words of the mortgage "herewith pledges * * * all accounts receivable and future accounts receivable * * *."  In December 1953 Berthiaume incorporated his business as Inter-City Fuel Oil, Inc. and continued to operate it until December 14, 1955, a period of some two years.  On that date, fearing for the security

of their mortgage, the mortgagees took over the operation of the business and ran it until about December 23, 1955, when they ceased operations and removed all property used by Inter-City Fuel Oil, Inc. to a warehouse. This removal took place some four days prior to the appointment of the receiver on December 27, 1955.

Thereafter the receiver, acting under the authority of an order of the superior court, acquired possession of the assets of the corporation from the mortgagees and proceeded to dispose of the tangible personal property and to collect certain accounts receivable due the corporation. The receiver then petitioned the superior court for an instruction, first, as to what disposition he should make of the proceeds of the sale of the tangible personal property and, second, whether he should retain the proceeds collected from accounts receivable to be used for the purposes of the receivership. A decree of that court was entered on May 15, 1958 wherein the receiver was authorized to pay the proceeds realized on the sale of the tangible personal property to the mortgagees. A second decree entered on May 19, 1958 authorized the receiver to retain certain money collected on the accounts receivable and to use it for purposes of the receivership. It is this second decree which is the subject of the instant appeal.

The trial justice found that the proceeds of accounts receivable resulting from transactions entered into by the mortgagor prior to the date of incorporation were covered by the mortgage and were to be delivered to the mortgagees. It is our opinion that in this action of the trial justice there is an implicit finding of fact that the accounts receivable arising out of transactions entered into after the date of incorporation were the property of the corporation and were not reached by the mortgage in question. In laying claim to the proceeds of the accounts receivable postdating the incorporation the mortgagees had the burden of proving that such accounts were within the scope of the

mortgage. Upon careful examination of the record we are of the opinion that they have failed to sustain such burden.

The decree of the superior court by inference established ownership of the accounts receivable in the corporation. We must regard this finding of fact by the trial justice as conclusive unless it appears that the evidence is insufficient to support such finding. Our examination of the evidence relating to this issue does not persuade us that the trial justice either overlooked or misconceived any material portion of it. Under our well-settled rule we will not set aside a finding of a trial justice sitting in equity unless it is clearly wrong, *Noonan* v. *Cuddigan,* 85 R. I. 328, 131 A.2d 241, and it has not been shown that he was clearly wrong in awarding the proceeds of the accounts receivable to the receiver.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Samuel J. Kolodney,* pro se, *Arcaro & Belilove,* for receiver.

*Philip. M. Hak,* for mortgagees.