Carlo Finocchiaro *vs.* Leonardo Francescone, Jr., *et ux.*

FEBRUARY 28, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This bill in equity was brought to quiet title to land and to obtain injunctive relief. The cause was heard by a justice of the superior court who thereafter found as a fact that the complainant's possession of the land under consideration had been "open, adverse, exclusive and uninterrupted since about the year 1935" and that the complainant "had acquired a title by adverse possession of that small portion of the property." Thereafter a decree was entered setting out the findings of fact as disclosed in the decision of the trial justice but denying all of the complainant's prayers including those for injunctive relief. Since the commencement of this suit the death of the respondent wife has been suggested on the record. She has been dropped as a party respondent without objection and the respondent husband has prosecuted an appeal from the decree to this court.

It is not disputed that complainant is the owner of a house and lot located on Manton avenue in the city of Providence bounded on the north in part by a lot owned by respondent. In dispute is the title to a strip of land some seven feet in width that lies immediately to the north of the platted boundary between the lots owned by the parties. The complainant's bill avers that he has title to this strip of land by reason of respondent's acquiescence in the fixing of the boundary line along the line of a fence erected on the northerly edge of the said strip, see *Malone v. O'Connell,* 86 R. I. 167, 171, as well as by his adverse possession thereof for the statutory period. However, it appears from the record that

the trial justice made no finding as to the establishment of the fence as the boundary between the lots in question by reason of respondent's acquiescence in the alleged location thereof, but he did find that complainant's possession of the strip was sufficient to give him title thereto under the terms of the statute, G. L. 1956, §34-7-1. The statute provides, in pertinent part, that where one is "for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands, tenements or hereditaments for and during the said time, claiming the same as his * * * sole and rightful estate in fee simple," such possession gives him a good and rightful title to the land.

The respondent contends that the trial justice erred in finding that complainant had acquired title to the land by adverse possession thereof for the statutory period, first, because the evidence does not establish the hostile nature of complainant's possession and, second, because complainant has failed to meet the burden of establishing such adverse possession by strict proof as laid down in *Day* v. *Proprietors of Swan Point Cemetery,* 51 R. I. 213, 216. It is true, as this court has frequently said, that adverse possession, to be within the contemplation of the statute, "must be actual, open, notorious, hostile, under claim of right, continuous, and exclusive." *Sherman* v. *Goloskie,* 95 R. I. 457, 465. At page 467 the court further noted that the burden of strict proof required of claimants in these cases is satisfied when the proof is by a preponderance of the clear and positive evidence or, stated otherwise, by evidence that is unambiguous and affirmative in its character.

These rules, of course, involve an exercise by the trial justice of his fact-finding power, and it is well settled that this court on an appeal will not disturb his findings unless they are shown to be clearly wrong. *Noonan* v. *Cuddigan,* 85 R. I. 328. In the circumstances it is the burden of an

appellant, if he is to prevail in this court, to show that the decision of the trial justice was clearly wrong or that he overlooked or misconceived relevant evidence upon the issue. *Parrillo* v. *Riccitelli*, 84 R. I. 276. After a close scrutiny of the transcript and the conflicting evidence contained therein, we are unable to perceive that the trial justice either overlooked or misconceived evidence bearing on the adverse or hostile character of the possession by complainant of the strip of land in question or that the evidence adduced to support the claim of adverse possession is not clear and affirmative. It is our opinion that the assertion of this ground of error is without merit.

Neither do we perceive any merit in respondent's contention that the trial justice erred by including in the decree his finding as to complainant's acquisition of title by reason of adverse possession. The respondent argues that the only ground for relief set out by the allegations of the bill is that title was in complainant by reason of respondent's acquiescence in the establishment of a boundary line between the lots and that the bill is devoid of any allegations upon which the court consistently could make a finding of complainant's adverse possession. When the bill is read in its entirety, it contains allegations, in our opinion, that state a claim of title in complainant by reason of adverse possession and, therefore, the findings set out in the decree relate to a claim stated therein. The respondent relies on *Dolan* v. *Dolan*, 78 R. I. 12, in asserting this particular ground of error. That case, as we read it, stands for the basic proposition that equity pleading is required to give a respondent notice of the claim against which he must defend, and the instant bill, in our opinion, meets the requirement of notice therein contemplated.

There remains for consideration the respondent's contention that the trial justice erred in overruling his objection to the admission into evidence of a power of attorney in

writing pursuant to which the instant suit was instituted. He argues that, conceding the validity of such power, it does not in its terms authorize the complainant to bring an action in the instant premises. With this we do not agree, it being our opinion that the power is broad and comprehensive and authorizes the institution of a suit such as this by necessary implication if not by its express terms. Without conceding that its admission into evidence over objection was error, we are unable to perceive that the respondent was prejudiced thereby if it were error, nothing appearing in the record that suggests that the respondent at any time challenged the jurisdiction of the court over the parties or the subject matter.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

### MOTION FOR REARGUMENT.

#### MARCH 13, 1964.

PER CURIAM. After the filing of our opinion in this case, the respondent Leonardo Francescone, Jr. with permission of the court presented a motion for leave to reargue. He contends therein that this court either overlooked or misconceived the effect of certain evidence contained in the record, to wit, a warranty deed dated June 1, 1950 wherein the parents of the complainant conveyed to him by metes and bounds the house lot located on Manton avenue, said deed being in evidence as Complainant's Exhibit 2.

It is our opinion, upon a consideration of the contention of the respondent and of the evidence in the record, that an issue of sufficient importance has been raised to warrant further argument. Such reargument shall be confined to the question of what effect, if any, the conveyance of June 1, 1950 has upon the competence of the evidence adduced

to establish the adverse possession by complainant's parents prior to that date.

As thus limited, the motion of the respondent for leave to reargue is granted.

### ON REARGUMENT.

#### MAY 27, 1964.

PER CURIAM. After our decision in the above case, the respondent Leonardo Francescone, Jr. by permission of the court presented a motion for reargument. In granting it we stated: "Such reargument shall be confined to the question of what effect, if any, the conveyance of June 1, 1950 has upon the competence of the evidence adduced to establish the adverse possession by complainant's parents prior to that date." *Finocchiaro* v. *Francescone,* 97 R. I. 371, 375, 198 A.2d 37, 39.

We considered this question to be sufficiently important to warrant reargument because the trial justice found: "* * * in this case we have no such conveyance of this parcel in question, we have no color of title whatsoever." It is clear from the context in which this statement is made that the reference is to the fact that the deed of June 1, 1950 conveyed a parcel of land by metes and bounds to complainant which did not include the seven-foot strip of land that is the subject matter of the instant litigation.

This failure of the grantors to include the seven-foot strip within the metes and bounds description of the land conveyed to complainant by the deed of June 1, 1950 gave rise to concern on the part of this court, it being clear that the trial justice had found that the grantors had acquired title to such strip by adverse possession before the execution of that deed on the basis of evidence of an adverse user by them prior to that conveyance. The question is

whether his finding that title to the seven-foot strip was in complainant on the basis of evidence of the grantors' adverse use prior to conveyance constituted a violation of the parol evidence rule in that its effect was to alter or add to the terms of the deed by parol.

After a careful consideration of the briefs and oral argument on reargument, it is our opinion that the respondent has not shown that such evidence was legally incompetent in that it violated the parol evidence rule.

Therefore, we see no necessity for changing our conclusion, and the cause is remanded to the superior court for further proceedings in accordance with the original opinion.

*Dick & Carty, Joseph E. Marran, Jr.,* for complainant.

*Francis A. Manzi,* for respondent.